## THOMAS H. PEGRAM *vs.* SAMUEL STOLTZ.

In an action for slander, if the defendant does not plead the Statute of Limitations, the plaintiff may recover, though the proof shows that the words were spoken more than six months before the commencement of the action.

When the slanderous words are alleged to have been spoken on a certain day, and at a certain place, the plaintiff may prove such words spoken on a different day, and at a different place.

In such case, if the defendant has been misled by such allegation, so that he failed to set up the Stat. Lim. in his answer, the Judge would, of of course, allow him to amend his answer.

Under the C. C. P., if the complaint alleges a *positive* charge of crime, as slander, and the evidence shows a *conditional* charge, still the plaintiff can recover, if the conditional words convey the same idea to the minds of the jury.

If it appear upon the trial that a party has been misled in his preparation of the case, without his fault, the Judge has power to order a juror to be withdrawn, and make such other orders as may be proper.

Where a defendant, examined in his own behalf, was asked what conversation he had with a witness examined for the plaintiff, and the testimony of that witness was repeated to him ; *Held,* not to be objectionable as *leading.*

This Court will not review the discretion of a Judge in allowing leading questions, under certain circumstances, unless error or abuse plainly appears.

[*King* v. *Whitley,* 7 Jon. 529, cited and approved, as under the old practice.]

Action for slander, tried before *Cannon, J.,* at Fall Term, 1871, of the Superior Court of FORSYTHE.

The paragraph of the complaint, containing the words alleged as the cause of action, is in the following words : " That on the 4th day of August, 1870, at and in the County of Forsythe, the defendant, in the presence and hearing of sundry persons, maliciously spoke concerning the plaintiff the false and defama-

tory words following, viz: 'He is a perjured man; he went to Davidson County and swore, before the Board of Registrars for Davidson County, that he was a citizen of Davidson County, and in that he swore to a lie.'"

The answer simply denied the truth of that paragraph.

The plaintiff introduced two witnesses, whose testimony went to prove the speaking by the defendant of the words charged, at the time and place stated in the complaint. A third witness for him said, that in May, 1870, he heard defendant say that the plaintiff was mean and corrupt, that he had gone to Davidson and sworn he was a citizen of that county, while he was a citizen of Forsythe, "and if he did that, he was guilty of a perjury." A fourth witness, one J. L. Crews, for the plaintiff, swore that *in November,* 1868, defendant said to him of plaintiff: "Can you confidence a perjured man? He went to Davidson and registered, and swore he was a citizen of Davidson County, and you know he was then a citizen of Forsythe; that he had sworn falsely; that he (defendant) knew it, had seen it. Nelson Cook had it."

The defendant then introduced witnesses, who swore they were present on the occasion spoken of by plaintiff's two first witnesses, and the defendant did not say what they testified to, but said that plaintiff had gone into Davidson County and registered; "now, if he registered as a citizen of Davidson County, then, he swore to a lie." His own testimony was nearly to the same effect. He was asked by his counsel what conversation he had with J. L. Crews, and Crews' statement, as above, was repeated to him. The plaintiff objected to the mode of examination, but it was allowed by his Honor.

The plaintiff asked several special instructions, some of which were given, others refused or modified. His Honor instructed the jury that, if the defendant did not directly charge that the plaintiff went to Davidson and swore before the Registrars, &c., but only made the charge conditionally, and qualified it at the time, the plaintiff could not recover. He also

charged that the plaintiff was not restricted to the time of the slander mentioned in the complaint, but might prove a repetition of the words alleged, provided they were spoken within six months before the commencement of the action; and also that the plaintiff could not recover for slanderous words spoken more than six months before the action was commenced.

Verdict for the defendant. Rule for a new trial; rule discharged. Judgment; and appeal by the plaintiff.

*Masten* and *T. J. Wilson*, for the plaintiff.
*Blackmer & McCorkle;* and *Clement*, for the defendant.

Rodman, J. We think it clear that the Judge fell into error when he instructed the jury (the statute of limitations not being pleaded) that the plaintiff could not recover, for slanderous words spoken more than six months before the commencement of the action. This was, in effect, to give the defendant the benefit of the statute without his having claimed it, which is against both reason and authority. 2 Saund., 63, a., *Brickell* v. *Davis*, 21 Pick. 404, C. C. P. Sec. 17. If defendant, either at first, or by permission of the Judge, upon the introduction in evidence of the words spoken in 1868, had pleaded the statute, then the instruction of the Judge, as to the way in which the jury should consider those words, would have been free from objection. But a Court cannot thrust upon a party a defense which, having it in his power to make, he declines.

But, it is said that since a plaintiff may compel a defendant to answer on oath, he cannot conscientiously answer by the general issue, and also by the statute of limitations. This idea proceeds from a mistake. Pleas are distinct and have no connection, unless made to have by a plain reference from one to another. Moreover, the form of the plea of the statute is, that "the plaintiff's action did not accrue within six months," &c.; 2 Saund. 63 a.; and a defendant who chose to do so might, without prejudice, insert in his plea of the statute a protest

that he had never spoken the words, although such a protest is wholly unnecessary.

Again, it is said that the plaintiff, by setting forth in his complaint words as spoken in Forsythe County oh the 4th of August, 1870, misled the defendant to omit to plead the statute, and surprised him on the trial by evidence of words at a different place, and in 1868. This is, at least, possible; and it was to meet such a case that the last sentence in Sec. 128, C. C. P., was added. That section is as follows ;

" SECTION 128. No variance between the allegation in a pleading and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice, in maintaining his action (*or defense*) upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the Court, and in what respect he has been misled; and thereupon the Judge may order the pleading to be amended, upon such terms as shall be just."

The words " or defense," italicized, are not in the Code, but they are clearly necessary to complete the sense, since there can be no reason why a defendant, who has been misled, shall not have like liberty of amending with the plaintiff.

In this case, if the defendant had alleged, that he had been misled by the form of the complaint, into supposing that the plaintiff did not go upon any words spoken at any other time than on the 4th of August, 1870, and consequently he had omitted to plead the statute of limitations, it cannot be doubted that the Judge would have allowed him to amend without terms. But he did not ask leave to amend. In the absence of such a plea, there is no principle on which the Judge could have excluded evidence of words spoken in 1868, as a ground of action. For it is common learning that allegations of time and place are not in general material or traversable. And there is nothing in this complaint to take these out of the general rule. If, therefore, the defendant has been prejudiced by the admission of evidence of the words in 1868, it would have

been owing to his own failure to avail himself of the liberty given by Sec. 128.

As our opinion on the Judge's instruction, excluding words spoken in 1868, as a ground for recovery, entitles the plaintiff to a new trial, it is not necessary to consider the other points discussed. But we have frequently said, that when a question has arisen, and is likely to arise again, and is one of practice only, we felt at liberty to decide it, though not required to do so, for the sake of avoiding unnecessary litigation. Hence in this case we will do so. The point is this: The complaint alleges that defendant positively charged plaintiff with perjury, and the plaintiff introduced evidence tending to prove the allegation. The defendant then introduced evidence tending to show that he did not make a positive charge, but a conditional one only, " if the plaintiff swore, &c." Upon this the defendant contended that, if the jury believed that he did not use the positive words alleged, but only the conditional words stated by his witnesses, there was a material variance between the plaintiff's allegations and his proofs, and that plaintiff could not recover. His Honor so instructed the jury. In this we think he was in error.

We concede, on the authority of *King* v. *Whitley*, 7 Jones, 529, that before the C. C. P., the law was as he contends. But we think the intention and effect of the first sentence, in the section above cited, was to alter the rule before established, which was founded on old authorities, themselves founded on reasons which no longer exist. Why should a plaintiff be defeated of his recovery because the proof varies from his allegations—unless the defendant is in some way misled by the variance, when, notwithstanding the allegations, the defendant knows what case upon the evidence he will have to meet?

In this case, the defendant did know what the evidence would be, tending to produce a variance ; for it all comes from his witnesses. It is evident that he was not misled by any allegation of a positive charge of perjury, and a variant proof of a

conditional charge. The evidence that he made a conditional charge of perjury comes all from him. He is at liberty to contend, that what he said did not, in substance and meaning, amount to charging the plaintiff with perjury. But he is not at liberty to say, " True, I did use words from which all hearers understood, and were justified in understanding, that I charged the plaintiff with perjury; but he cannot recover, because he alleges a charge of perjury in a direct and positive form, and I have proved that the charge I made was dependent upon an *if*."

It must be noted, that we have not intimated any opinion as to whether the words testified to by the defendant's witnesses were calculated to convey an actionable meaning. It is not within our province, at least at present, to form any opinion on that point. All we mean to say is, that if they do, the plaintiff is not precluded from recovering upon them as a ground of action, because, substantially, the same charge is variantly alleged in his complaint.

While on the subject of variances, it will not be improper to add, that even where one party has not been misled in his pleading by the other, yet it if appears to the presiding Judge that he has been misled, without any fault of his own, in the preparation of his case, to his prejudice, the Judge has power to stop the trial and order a juror to be withdrawn, and to make such other orders as may be just and proper.

As to the supposed leading question, we do not see that the question was, under the circumstances, a leading one. Moreover, a Judge has a discretion to allow leading questions under certain circumstances, and this Court cannot review an exercise of that discretion, unless it plainly appears that there was error or abuse, neither of which appear in this case.

The judgment must be reversed.

PER CURIAM.                                        *Venire de novo.*