A. J. McCURRY and wife v. JAMES L. McCURRY.

*Continuance—Evidence in Slander—Nonsuit—Issues, response to.*

1. The continuance of a trial is matter of discretion in the presiding judge and not reviewable unless the discretion is palpably abused.

2. It is competent for the defendant in an action for slander to prove a common neighborhood report of the truth of the facts charged, in mitigation of damages. And it is in the discretion of the court to admit the proof though elicited by a leading question.

3. Upon a motion to nonsuit, an objection of the plaintiff to the permission given to defendant's counsel to argue the force and effect of plaintiff's evidence after he had closed his case, cannot be sustained where the court intimated an opinion for plaintiff and after the argument adjudged in his favor.

4. In slander the issues were. 1. "Did defendant say in substance that your mother, meaning feme plaintiff, is an old rogue and has concealed for you (her son) from your cradle up?" and 2. "Did he say that your mother is a rogue, has stolen herself, and has concealed for you from your cradle up"? and the jury found the words spoken to be, "you are a rogue and your mother has upheld you in stealing from your cradle up;" *Held* sufficiently responsive, and not *per se* actionable. They do not impute to plaintiff any punishable crime.

(*Austin* v. *Clarke*, 70 N. C., 458; *State* v. *Lindsey*, 78 N. C., 499; *Armstrong* v. *Wright*, 1 Hawks, 93; *Pegram* v. *Stoltz*, 67 N. C., 144; *Nelson* v. *Evans*, 1 Dev., 9; *Stith* v. *Lookabill*, 71 N. C., 25; *Eure* v. *Odom*, 2 Hawks, 52, cited and approved)

CIVIL ACTION for Slander tried at Spring Term, 1879, of YANCEY Superior Court, before *Graves, J.*

The complaint charged the defendant with saying to her son—McCurry: 1st. "Your mother (meaning the feme plaintiff) is a damned old rogue and has concealed for you from your cradle up." 2d. "That your mother (meaning the feme plaintiff) is a rogue, she has stolen herself and has concealed for you from your cradle up." The answer denied each allegation of the complaint.

When the case was called for trial the plaintiff filed an affidavit for the continuance of the cause for the absence of

McCurry *v.* McCurry.

his wife, Sarah, a party plaintiff, who was detained by sickness, and whose presence was necessary, as a witness for herself, and in the management of the cause.    His Honor granted the continuance on the payment of the costs of the term, which the plaintiff declined and excepted.

The following issues were submitted to the jury :

1. Did the defendant speaking of the plaintiff say that your mother (meaning the said Sarah McCurry) is a damned old rogue and has concealed for you (meaning McCurry) from your cradle up, or words substantially the same in meaning ?

2. Did the defendant speaking of the plaintiff say that your mother (meaning Sarah McCurry) is a rogue, has stolen herself, and has concealed for you (meaning McCurry) from your cradle up, or words substantially the same in meaning ?

3. What damage, if any, have the plaintiffs sustained ?

4. Was this action begun within six months after the speaking of the words charged ?

The jury responded to the third issue, " none," and to the fourth "yes," and on the first and second they answered, " The evidence does not sustain the allegations as a whole, the jury do find that defendant James L. McCurry did say, you McCurry are a rogue and your mother Sarah McCurry has upheld you in stealing from your cradle up ; for their verdict do say they find the issues as above set forth and answered."

After the plaintiffs closed their case His Honor permitted (after objection by plaintiffs) the defendant's counsel to argue the force and effect of the plaintiff's testimony, upon a motion to nonsuit the plaintiffs, which exception His Honor refused.    The defendant then offered himself as a witness in his own behalf, and on his examination, in answer to a leading question by his counsel, testified that there was a common report in the neighborhood that McCurry had been in

the habit of "slipping out or stealing out" his father's property, and selling it, and his mother was protecting him from his father, to which the plaintiffs excepted, and His Honor overruled the exception. The plaintiffs then objected to the form of the verdict because it was not responsive to the issues, but this exception was overruled, and the plaintiffs moved for a new trial for the exceptions filed and for the reason that the verdict did not respond to the issues submitted to the jury. The motion was disallowed, and the court adjudged that the defendant go without day, and the plaintiffs pay the costs, from which they appealed.

*Mr. J. M. Gudger,* for plaintiffs.
*Mr. J. L. Henry,* for defendant.

Ashe, J. The first exception taken by the plaintiff was to the ruling of His Honor in regard to the continuance of the cause, but that was no ground for a new trial. It was a matter of discretion. All questions of practice and procedure as to amendments and continuances arising on a trial in the court below, are in the discretion of the presiding judge, and are not reviewable in this court, unless possibly when the discretion is palpably abused, which is not the case here. *Austin* v. *Clarke,* 70 N. C., 458; *State Lindsey,* 78 N. C., 499; *Armstrong* v. *Wright,* 1 Hawks, 93.

The next exception was to the admission of the testimony of the defendant in regard to the report in the neighborhood: Whether the objection was to the leading character of the question propounded to witness, or to its admissibility on the ground of incompetency does not appear, but on neither ground can the objection be sustained; not on the first ground because it was in the discretion of His Honor to allow a leading question, 1 Greenl. Ev., § 435; *Pegram* v. *Stoltz,* 67 N. C., 144; nor can the objection be sustained

on the second ground. In both the forms in which the words are charged to have been spoken, the charge of concealing is imputed to the feme plaintiff, and if that, in the connection with which the words were used, amounted to slander, then it was material and competent for the defendant to show in mitigation of damages the common report in the neighborhood of the truth of the facts charged. *Nelson* v. *Evans*, 1 Dev., 9; 5 Wait's Act. and Def, 759.

As to the exception that the defendant's counsel was allowed to argue the force and effect of the plaintiffs' evidence on a motion to nonsuit in the midst of the trial: It has been held in the case of *Stith* v. *Lookabill*, 71 N. C., 25, that it is "an improper and loose mode of practice and should not be tolerated." And in that case the court below sustained the motion to nonsuit, and this court awarded a *venire de novo*, and very properly; for if the plaintiff had gone on before the jury as he had the right to do, he would have done so under the disadvantage of having had his case frustrated by the opinion of the court. But in our case there was no such objection, for His Honor after hearing the argument of defendant's counsel, ruled against defendant and the plaintiffs proceeded in the trial with the prestige of a favorable opinion from the court upon the evidence he had adduced. And whatever "moral effect" may have been produced by the arguments on the motion to nonsuit, it was all in favor of the plaintiffs, for the ruling of the court clearly intimated that the plaintiffs had made out their case. The plaintiffs had no ground for complaint.

The remaining exception was to the irregularity in the finding of the jury: We think the finding of the jury was sufficiently responsive to the issues. They find that no damage was done, in answer to the third issue; and in their finding that the words spoken by the defendant were, " You, McCurry, are a rogue and your mother has upheld you in stealing from your cradle up,' is a sufficient response to the

two first issues.   They find substantially that the defendant did not speak the words charged in the complaint.   The words found by them to have been spoken cannot be construed to mean a charge that the feme plaintiff was a rogue, or that she had stolen herself or even concealed anything stolen by her son, but simply that she had upheld him in stealing from his cradle up.   These words do not impute to her any crime that is punishable by the common or statute law.    There are many ways in which a mother may be said to uphold a son addicted to criminal practices without incurring herself any amenability to the criminal law.   She may not have punished him when his conduct deserved it, or suppressed the evidence of his guilt within her knowledge, or shielded him from prosecution, or vindicated his character when assailed.   Such upholding as this would be no crime, however it might violate the moral law ; and if this is the meaning of the charge, it is not actionable. Words which convey only an imperfect sense or practice of moral virtue, duty or obligation are not sufficient to support an action.   *Eure* v. *Odom*, 2 Hawks 52.

The words found by the jury were not "*per se*" actionable and could not be made so, without an *inuendo*, pointing their meaning, and giving them a slanderous import; and when they are capable of two interpretations, the one innocent and the other slanderous, it is for them to say how the defendant used them.   5 Wait's Act. and Def., 749, and cases there cited.   By the finding of the jury in this case that the plaintiffs have sustained no damage, we must conclude that in their estimation the words were not used in a defamatory sense.

There is no error in the ruling of His Honor upon the exceptions.   Let this be certified to the superior court of Yancey county.

No error.                                        Affirmed.