J. I. BROWN AND WIFE v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 22 September, 1915.)

**1. Telegraphs—Principal and Agent—Telephones—Local Operator.**

    Where the local operator of a telephone company at a point where a telegraph company has no office, is also the agent of the latter company to receive messages there and telephone them to a near-by town, to the office of the telegraph company for transmission and delivery, the receipt by the local operator of such messages is a receipt thereof by the telegraph company, making it liable for the actionable negligence of the local operator in not promptly telephoning them.

**2. Same—Trials—Evidence—Statutes.**

    Where there is evidence tending to show that the local agent of a telephone company customarily received messages from its subscribers, to be telephoned to the office of a telegraph company at a near-by town for transmission and delivery over the latter's system, made out tickets therefor against the telegraph company and collected for the telegrams at the end of the month and remitted the money to the telegraph company, it is held sufficient to be submitted to the jury upon the question of whether the agent of the telephone company was also the agent for the telegraph company. Revisal, sec. 440(1).

**3. Pleadings—Variance—Proof—Statutes.**

    Where the complaint in an action against a telegraph company for damages for its negligent delay in the transmission and delivery of a message alleges that the defendant received the telegram sued on at its office at A., and the evidence tends to show that it was received at B., a near-by point, and telephoned to A. by the defendant's agent there, and there is nothing to indicate that the defendant was misled or was unprepared to meet the evidence introduced, or was thereby prejudiced: *Held,* the variance between the allegation and the proof was neither material nor fatal. Revisal, sec. 515.

APPEAL by plaintiffs from *Ferguson, J.,* at the November Term, 1914, of EDGECOMBE.

Action to recover damages for mental anguish, caused, as the plaintiff alleges, by the negligence of the defendant for failure to receive and deliver a telegram.

The plaintiff introduced evidence tending to prove that the telegram was delivered to the Onslow Telephone Company at Richlands and was then transmitted to the defendant at Jacksonville. Evidence was introduced tending to prove that the telegram was never received at Jacksonville. There was also evidence tending to prove that there was some difficulty in hearing over the telephone, but the operator at Richlands testified that she communicated the message to the agent of the defendant at Jacksonville and that he told her he understood it and had received it. This was denied by the defendant.

His Honor charged the jury, among other things, as follows: "If, however, the telephone operator at Richlands undertook to deliver the message to the defendant's agent at Jacksonville, and he informed her that he couldn't hear it, and she then did not communicate the message, when another person came to the 'phone, and by that means the message was not delivered and received at Jacksonville, then I charge you that it would be your duty to find that the message was not received by the defendant company, and you would answer the first issue 'No.'" The plaintiff excepted.

And again, "The defendant contends it was not; that the phone was so difficult to hear through that he could not take the message, and that he notified the operator at Richlands of that fact, and if you should find from the evidence that when she began the conversation over the phone, delivering the messages, that she was notified that she could not be understood, to wait and he would get another party, and that she neglected to repeat the message which she was endeavoring to communicate, and only repeated three messages, then it would be your duty to answer the first issue 'No.'" The plaintiff excepted.

The jury returned the following verdict:

1. Did the defendant receive for transmission and delivery the telegram set out in the complaint? Answer: "No."

Judgment was entered in favor of the defendant, and the plaintiff appealed.

*J. M. Norfleet and Gilliam & Gilliam for plaintiff.*
*John L. Bridgers & Son for defendant.*

ALLEN, J. The liability of the defendant depends, under his Honor's charge, upon the single question as to whether the agent of the defendant at Jacksonville understood the message which the operator of the telephone company attempted to transmit, and this is free from objection, unless there is evidence that the agent of the telephone company was also the agent of the defendant telegraph company.

If there is evidence of this fact the charge is erroneous, because it prevented the jury from considering an aspect of the case favorable to the plaintiff, and which might have been determinative of the first issue in his favor.

In other words, if the agent of the telephone company was also the agent of the telegraph company, the message was delivered to the telegraph company when it was received by the agent of the telephone company, and, in our opinion, there is evidence in the record tending to sustain this position of the plaintiff.

Miss Murrill, agent of the telephone company, testified: "We did receive messages for them and made out tickets against the Western Union. We collected for the Western Union and remitted at the end of the month. I phoned those messages to the operator at Jacksonville. He advised me that the cost was $1. I was working at that time in the office of the telephone company. People came there and asked me to phone messages to the telegraph people. The telegraph people would tell us to collect the charges for them. That is all we did. The telegraph office had no other agent at Richlands. The operator at Jacksonville told me to collect the charges for all the telegrams. I had received messages before this for the Western Union. I stayed there a year after this and received a great many others for them. I collected the money for them and remitted it to the Western Union."

If this evidence is believed it goes far towards establishing the fact that the operator at Richlands was also the agent of the telegraph company, and indeed comes within the language of section 440, subsection 1 of the Revisal, defining a local agent upon whom service of process may be made as "any person receiving or collecting money within this State for or in behalf of any corporation of this or any other State or government."

The defendant says, however, that the plaintiff cannot avail himself of this evidence because of the allegation in the complaint that the telegram was delivered at Jacksonville.

This might have been a valid objection under the old forms of pleading, although it is said to be "common learning that allegations of time and place are not in general material or traversable" (*Pegram v. Stoltz,* 67 N. C., 147), but under The Code (Revisal, section 515), "no variance between the allegation in a pleading and the proof shall de deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action upon the merits," and there is nothing in the record to indicate that the defendant did not have present at the trial all of the evidence that was available to it, and there is no contention that it was misled.

Of course, if an allegation of time and place is made and a party has prepared his evidence based wholly upon the allegation, and is surprised

at the trial by the offer of evidence of another time or place, the judge will and ought to give the opportunity to meet the evidence of the adverse party.

For the error pointed out a new trial is ordered.

New trial.