## No. 9754.

### FIRST NATIONAL BANK OF LAMAR, COLORADO, *v.* ROBERTS.

Decided February 7, 1921.   Rehearing denied April 4, 1921.

Action on promissory note.   Judgment for defendant.

*Reversed.*

1. APPEAL AND ERROR—*Verdict.*  In an action on a promissory note, the defense being payment, where there is testimony tending to support the contentions of both parties, a verdict will not be disturbed on the alleged ground of insufficient evidence.

2. CONTINUANCE—*Motion for—Admission as to Evidence.*  On a motion for continuance by defendant, plaintiff admitted that if an absent witness were present she would testify to the payment of a note at a time alleged in the affidavit filed in support of the motion; on the trial, defendant attempted to prove a different time of payment. *Held,* that where an admission of evidence is obtained based wholly upon an allegation of time and place and the party is surprised on the trial by evidence of another time or place, the judge ought to give relief to the party so misled to his injury.

*Error to the District Court of Prowers County, Hon. A. F. Hollenbeck, Judge.*

Messrs. HILLYER & KINKAID, for plaintiff in error.

Messrs. TODD & UNDERWOOD, for defendant in error.

*Department Three.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error brought this action against defendant in error to recover on a promissory note for the principal sum of $100. The defense pleaded was payment. The cause was tried to a jury and from a verdict and judgment in favor of defendant in error plaintiff brings the cause here for review.

Defendant testified that he paid the note in question. The evidence on behalf of plaintiff was that he did not. There was corroboration of both, hence the verdict cannot be disturbed on the alleged ground of insufficient evidence. *Hallack et al. v. Stockdale et al.,* 14 Colo. 198, 200, 23 Pac. 340.

When this cause came on for trial defendant moved for a continuance on the ground of the absence of the witness Mrs. Edna H. Sellers. The affidavit in support of this motion read in part as follows:—

"That Mrs. Edna H. Sellers whose place of residence is Parsons, Kansas, is as I am informed and verily believe a material witness in my behalf herein without whose testimony I cannot safely proceed to trial of the above entitled cause. That I paid the note upon which this action is based at some date in the late spring or early summer of the year 1913, the exact date of such payment having passed from my memory at the present time."

The plaintiff, then having in its possession the written admission of defendant under date of October 19, 1914, that the note had not at that date been paid, (which evidence it produced at the trial) and having no knowledge of any relationship existing between the witness Sellers and the defendant, admitted that the witness would, if present, testify as alleged. On the trial defendant admitted the falsity of the affidavit as to the date of the alleged payment and fixed said payment at some indefinite date after October 19, 1914. He further testified "This lady (referring to Mrs. Edna H. Sellers) is a friend of my wife's." After the trial plaintiff

learned that Mrs. Edna H. Sellers was in fact the daughter of defendant and his wife. By reason of the foregoing facts the plaintiff, in its motion for a new trial, set up as one of the grounds thereof surprise and undue advantage, arising from the affidavit and the concealed relationship between the defendant and the witness Sellers. The 4th assignment of error reads:—

"That the court erred in denying the application for a new trial based on the ground that the plaintiff was taken by surprise by evidence adduced by the defendant."

It is very apparent that but for the date of payment as fixed in this affidavit and the concealment of the relationship between defendant and the witness, plaintiff, with defendant's written admission in its possession that payment was not so made, would never have admitted that this witness, if present, would testify as alleged, and thereby have waived its right to try her evidence by the acid test of cross examination.

"If an allegation of time and place is made and a party has prepared his evidence based wholly upon the allegation, and is surprised at the trial by the offer of evidence of another time or place, the judge will and ought to give the opportunity to meet the evidence of the adverse party." *Brown v. Western Union Tel. Co.,* 169 N. C. 509, 511, 86 S. E. 290, 291.

It is equally true that if an admission of evidence be obtained, based wholly upon an allegation of time and place, and a party is surprised at the trial by evidence of another time or place, the judge will and ought to give relief to the party so misled to his injury.

An admission that an absent witness would, if present, give certain testimony, involves a waiver of the right of cross examination. Hence considerable particularity is required in setting forth such testimony. An adversary must not be deceived as to the risk assumed. Sharp practice in this matter is not to be tolerated. One who is misled to his injury by such methods is not thereby bound; and a litigant

indulging in them will not be permitted to retain an advantage so gained.

In the instant case defendant's palpable attempt to conceal a relationship which might, if disclosed, have thrown suspicion upon the testimony, by asserting that the absent witness, who was in fact his child, was "a friend of my wife's," adds strength to the presumption that the deception was intentional. The judgment is reversed and the cause remanded.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY concur.