The opinion, of the.court was delivered by
 

 Henderson, Judge.
 

 Three reasons are assigned,upon- the record-wherefore there, should be a new trial. We can only notice-thefirst and third, the second being, for. errpr in fact. The reason .first assigned, is,,that the- Judge erred in. instructing the jury, that if they, believed it was-the
 
 indention
 
 of. the defendant to charge the plaintiff .with perjury-, &c.; that he.ought to have instructed them, that.if;they believed that the defendant
 
 meant
 
 ¡to .charge the plaintiff with-per, jury, then-, ,&c. The difference is.scarcely perceptible.. In fact,-., I think- there, is none.. But-take it ¡as -the.defendant would have us,.viz. that the jury understood fromitj that slander, consisted-in the intent to utter slanderpus words; althougfiihe- words might: not-be understood,-by-the hyp, standees (which is a,very forced interpretation..) This definition is abundantly- corrected-by the. other,parts of the charge, for, throughout he refers the slander* to the intent of the speaker,. and ¡the understan d ing, of the. hearers,. But .upon the words-thenjsel ves, tile defen d ant ’scon st rue - tion is not warranted, There is no substantial difference between:
 
 intending
 
 to..-charge, and
 
 meaning,
 
 to charge. The latter word is not¡more referable. to, .the. hearer; than tbo-former.- They both refer to. the-speaker, and .* it- wa-g
 
 *478
 
 as to liis intent or meaning that the Judge was then call-^ne Mention of the jury.
 

 Upon the third reason, I think the plaintiff, and not the defendant has ground of complaint. Upon this poirttthe Judge informed the jury, that a witness could as well be guilty of perjury in a matter that was collateral to the main point, as on the main point itself; that if he swore falsely in a collateral matter, with an intent to confirm and strengthen his evidence upon the main point, it was perjury, if done knowingly; that if the defendant had satisfied them, that the plaintiff, in that part of his oath relative to the compass and survey, liad sworn falsely, knowingly, with such intention of thereby giving greater effect to his oath as to the main point, that it would be a complete justification; but if in taking such oath, he was influenced by no such corrupt motive, (to wit, that of giving greater credit to his false oath on the main point,) it did' not amount to perjury. The intent to prop the false oath on the main point, and not the materiality of the fact sworn to, is made the essence of the crime of perjury. Perjury is an offence against the due administration of justice. The false oath must be material to the point about which the oath is taken; if believed, it must prevent the due administration of justice; it must either be to the very fact in issue, orto some fact relevant thereto, that is, to some fact from which the jury may lawfully infer the fact in issue. And this relevancy is matter of law; the inference is matter of fact. Whether the survey was made, and whose compass was used, was neither the fact in issue, or relevanfthcreto, whether the.witness gave his evidence with an extraordinary grave and solemn countenance with intent to strengthen his evidence upon* the point in issue, could justas well bo assigned as a perjury; (6
 
 East Rep.)
 
 as his statement of facts was totally immaterial, and the facts might or might nut exist; without at all effecting the question in dispute. The reasoning of Judge Uocke., in delivering the opinion of the late Superior
 
 *479
 
 Court in the case of the
 
 State
 
 v.
 
 Street,
 
 (1
 
 Mur. Rep.)
 
 contains principlessimilarto those contained in thecharge ,. , . * ■ . , _
 
 '
 
 ot the presiding Judge. I think them dangerous, and destructive of the land marks of our law, and thereby ren-deping the judiciary arbitrary. Had the plaintifi asked for a new' trial, he should have had it.
 

 Judgment affirmed.