Nash, C. J.
 

 The action is trespass for an assault and battery upon the female plaintiff. In his charge, his Honor instructed the jury, that if they believed, from the testimony, that the parties sought the occasion, under color of process, to wreak their vengeance on the Louder family — to harrass and insult them, that it would be a case where they were allowed to give vindictive damages for the battery upon the feme plaintiff, if one had been committed. This charge is in exact conformity to the opinion expressed by the Judge below, before whom the case of
 
 Causee
 
 v. Anders, 3 Dev. and Bat. 246. In that opinion, the jury were instructed
 
 “
 
 that the plaintiff had a right to expect a full compensation in damages for the injury really sustained, &c., but in addition to this, the jury were sometimes called on to increase the amount of damages, by adding on something by the way of punishment, where it appeared the defendant was actuated by malice, and a total disregard of the laws, and the plaintiff was in no wise to blame.” This opinion was adopted by the Supreme Court, almost in so many words.
 

 This is a case for vindictive damages, and the charge here was within the spirit of that referred to.
 

 Pee CueiaM. There is no error, and the judgment is affirmed.