Manly, J.
 

 The evidence offered by the plaintiff on the trial of this cause, and rejected by the Court, was properly rejected.
 

 The bond taken by the defendant to indemnify himself against an adverse result of the suit, was offered as pertinent to prove the plaintiff’s case- — the speaking of the words. If pertinent at all, it must be as an admission of guilt, and we do not think such an interpretation can be fairly put upon it. While it has been held of late, and especially by the American courts, that admissions of a certain class, made upon a negotiation for a compromise, are competent, mere propositions, upon such a negotiation, to pay for one’s peace, have uniformly been excluded. Indeed, there seems to be amarkked distinction between an admission of particular facts, and an offer of a sum of money to buy peace. If a direct offer5 to the party complaining, to buy peace, be excluded, no good reason is perceived why a security taken from an indifferent person, as an indemnity, should not also be excluded. If the first be excluded as impertinent and of no weight, so ought, also, the last. In the case of
 
 Baumgarner
 
 v.
 
 Mauney,
 
 10 Ire. Rep. 121, it is decided that the record of the removal
 
 *35
 
 of a cause from one county to another, is not relevant, nor proper evidence to be submitted to a jury on the trial of a cause. The principle there settled, seems to be the same with that involved in the point now before us — that an act done to secure one’s self against the contingency of loss in an impending lawsuit, is not, of itself, an admission of any thing that ought to be received and weighed by the jury. Such acts might be calculated to prejudice a party, but could not shed, any legitimate light upon the issues of a cause.
 

 The only rule of evidence, which seems to be in conflict with this general principle, is the admissibility of a culprit’s flight to prove his guilt. This act, however, is of a higher and different order of significance, than such as we have been considering, and in the judgment of our courts, has been apparenlly regarded as an exception to the rule.
 

 We entirely concur with his honor in the Court below, in the opinion which he expressed as to the character of the words spoken in October. They do not charge incontineney, and, therefore, are not actionable. Incontineney means want of restraint in regard to sexual indulgence, and imports, ac-* cording to our statute, definitive, illicit, sexual intercourse. The worst interpretation that can be put upon the words, is a charge of a wanton or lascivious disposition, and the words do not necessarily imply that.
 

 With respect to the third exception, that is, the instructions of the Judge as to the words spoken the day after .Christmas, we are also of opinion there was no error. These words may have been intended to convey to the hearers a charge of incontineney. They are susceptible of that meaning, but that is not the only one which may be put upon them. In the mildest sense, it is true, they are grossly indecent and insulting, but may, nevertheless, signify something short of an actual surrender of her person to the embrace of any one of the slaves mentioned, viz., a grossly depraved and wanton inclination. And the imputation of such a temperament is not a “charge of incontinence, as was settled in the case of
 
 McBrayer
 
 v.
 
 Hill,
 
 4 Ire. Rep. 136. The words used being ambiguous
 
 *36
 
 and capable of a double interpretation, it was proper for the Judge to leave it to the jury to decide, under the circumstances, whether it was intended thereby to charge the plaintiff with having had sexual connexion with either of the slaves mentioned. The case of
 
 Woolworth
 
 v. Meadows, 5 East Rep. 463, is the leading case upon this point, and establishes the principle here stated, and has since been followed, we think, with uniformity.
 

 The fourth and last exception, presents the point, whether certain words used by the defendant after the suit was commenced, may be considered by the juiy as an
 
 explanation
 
 of certain other words spoken before, and which constituted the foundation of the action. This exception is based upon the hypothesis, that the words, for which the action was brought, were not, in themselves, or connected with the circumstances under which they were spoken, sufficiently pointed or significant to convey the idea of incontinence, and thus amount to a slanderous charge, but the words afterwards used, gave them this point and significance. The fallacy of the point, made in the exceptions, seems to us manifest. Words to be actionable, must convey to the minds of hearers, at the time, some slanderous charge, and if unsusceptible of such a sense, or if not taken in that sense, then they cannot be helped or interpreted by subsequent words, or acts, so as to make the former words the foundation of a suit. This would be applying the doctrine of relation to cases not heretofore supposed to be within its range.
 

 We think there is no error in the rulings below, and the judgment must be affirmed.
 

 Pee Cueiam,
 

 Judgment affirmed.