STATE v. SIMPSON MORDECAI and THOMAS GRIFFICE.

A building within the curtilage, and regularly used as a sleeping room, is in contemplation of law a dwelling house in which burglary can be committed.

The defendants went to the store house of the prosecutor, in which he was sleeping, between the hours of 10 and 11 o'clock at night, and knocking at the door called his name twice; he answered the call, and told them to wait until he put on his breeches, which he did and opened the door, when the defendants entered the house and called for meat, and as the prosecutor was in the act of getting the meat he was knocked down by one of the defendants, and the store robbed: Held, to be a sufficient breaking to constitute the crime of burglary.

The house in which the burglary was committed, and that occupied by the family of the prosecutor were distant 30 yards from each other: Held, to be no error in the Judge's refusing to charge, that one could not have two dwelling houses in that distance from each other.

The counsel for the State has a right to exhibit and comment upon a stick which had been before identified as one had by one of the defendants, and with which it was alleged the prosecutor had been struck.

BURGLARY, tried before *Watts, J.,* at the January Term, 1873, of WAKE Superior Court.

The defendants were charged in the bill of indictment with breaking into the dwelling house of the prosecutor, and in another count with the larceny of a pair of shoes and other articles, alleged to have been taken from the house.

The evidence as to the different counts, and the objections taken to its admission by defendants, with the exceptions to the ruling of the Judge who tried the case in the Superior Court, are fully stated in the opinion of the Court.

The jury returned a verdict of guilty. Rule for a new trial ; rule discharged. Judgment of death and appeal by defendants.

*Batchelor, Edwards & Batchelor,* for defendants.
*Attorney General Hargrove,* with whom was *Cox,* for the State.

BOYDEN, J. In this case his Honor was requested to instruct the jury, " first: That the storehouse in which the alleged burglary was committed was not, under the circumstances testified to, a dwelling house in contemplation of the law." His Honor refused the prayer and charged the jury, " that if they believed the witnesses the house in which the alleged burglary was committed was a dwelling house in contemplation of the law." The testimony upon the point was as follows: that the owner, the prosecutor Hicks, was sleeping in his store in the night of the alleged burglary; that he had slept there for five months, with the exception of a single night; that the dwelling house where his wife slept was distant thirty steps, and in the same enclosure ; that he slept there to protect his store and for the convenience of trade.

The son of the prosecutor testified that his father had

been usually sleeping in the said store for the last five years.

The authorities in the brief filed in the cause on the part of the State are full and conclusive, and the point has been heretofore so thoroughly considered in our State that we had supposed the question not now debatable, that a building within the curtelage and regularly used as a sleeping room, was in contemplation of law a dwelling-house in which burglary might be committed. There was no error in the charge of his Honor upon this point.

Secondly: His Honor was also requested to instruct the jury, "that the entrance of the defendants into the storehouse in the manner testified to, was not such a felonious breaking into a dwelling-house as to constitute the crime of burglary, even if the storehouse was in contemplation of law a dwelling-house." This prayer his Honor refused, and charged the jury, "that if they believed the evidence, the entrance of the defendants into the storehouse, in the manner testified to by the witnesses, was a sufficient breaking into a dwelling-house to constitute the crime of burglary, if it was done with a felonious purpose." The evidence upon this point was as follows: William Hicks, the prosecutor and the owner of the storehouse, testified, that on the night of August 11th, 1872, between the hours of ten and eleven o'clock, he was in bed in a back room of his storehouse, and was aroused from his sleep by some person or persons knocking at the door, and calling, "Mr. Hicks, Mr. Hicks!" He answered the call, and said, "Hold on till I put on my breeches." That he got up, slipped on his breeches, lit his candle, and went to the door, set his candle on a small table beside the wall and unfastened the door without inquiring who they were, and what they wanted. Immediately three colored men entered and asked if he had any meat. He replied, "Yes; how much do you want?" One answered, "Four pounds." As he stepped to get his candle, they passed

before him and went into the next room, where his meat was. That he took up his axe to chop it off, and just as he stooped to make the lick, he was struck over the head, and that he was insensible from that time, Saturday night, until the following Monday morning.

Alfred Bryant testified, that by an agreement between himself and the defendants and one Mason Boylan, they left the city of Raleigh on the night of August 11, 1872, Saturday, for the storehouse of the prosecutor, distant about three miles, for the purpose and intent of getting a jug of whiskey. That as he had a burnt face, and could be easily identified, he was to stand out in the road and watch, and give the alarm if any person should approach. That the said defendants and Mason Boylan went into the store, Hicks inviting them in, Boylan having and carrying in a large stick, which being exhibited on the trial, witness identified. That after the entrance he heard some scuffling in the store; soon thereafter the defendants and Mason Boylan came running out, with various articles. That they all ran off down the railroad, and after getting off some distance they sat down and divided out the things. Witness further testified, that while they were dividing out the things one of them said, "this was a long walk, a sharp trick and a free drink." The authorities cited on the part of the State fully sustain his Honor's charge as to the burglarious entrance.

The third prayer for instructions was that his Honor should charge the jury, that the prosecutor could not have two dwelling-houses within thirty yards of each other. This prayer was properly refused.

We are also of opinion that there was no error in his Honor's permitting the counsel for the State to exhibit the stick, and make the remarks objected to by defendants' counsel.

There was no error.

This will be certified, to the end that the Court proceed to judgment according to law.

PER CURIAM.                    Judgment affirmed.