## STATE v. SHEP BENTON.

*Indictment for Slandering Innocent Woman—Slander—
Malice—Presumption.*

Where, on the trial of one charged with slandering an innocent woman, the evidence was that the defendant said of a chaste woman that she looked like a woman who had miscarried, it was error to instruct the jury that the words, *per se*, implied malice. (*Quere*, whether the words alone are of such character as to justify the court in submitting them to a jury upon a question of guilt.)

INDICTMENT for slandering an innocent woman, tried before *Robinson, J.*, and a jury, at January Term, 1895, of UNION Superior Court.

On the trial one Ingram Hogler, a witness for the State, testified that in August, 1892, he and defendant were working together, and a conversation arose between them as to why Nancy Love had left the school she had been teaching, and gone to Greensboro Female College; that defendant said in this conversation that Miss Love had returned and looked badly ; that defendant saw her at a distance of 40 yards, and she "looked like a woman who

STATE *v.* BENTON.

had miscarried." There was also evidence on the part of the State that the defendant, after he was indicted before a magistrate on this same charge, said that he intended to get witnesses by whom he would prove the charge preferred against Miss Love. There was evidence on the part of the defendant that he did not use the words testified to by Hogler, but that what he did say was "that Miss Love looked like she had been confined to her bed with sickness for a long time." It was also denied by defendant through his witnesses that he used the language imputed to him by the State after his indictment before the magistrate.

Special instructions asked by the defendant : "(1) That the words, 'confined to a bed with sickness,' do not in law amount to a charge of incontinency. (2) What words amount to such charge is a question of law. (3) That said words are in law not a charge of incontinency, and defendant is not guilty, and the jury should aquit. (4) That the words, 'she looked like a woman who had miscarried,' do not amount to a charge of incontinency, and the jury should acquit." The court gave Nos. 1, 2 and 3, and refused to give No. 4. Being requested by defendant to reduce the charge to writing, the court gave the following to the jury: "Defendant is indicted under the statute which provides that if any person shall attempt in a wanton and malicious manner to destroy the reputation of an innocent woman by words written or spoken which amounts to a charge of incontinency, every person so offending shall be guilty of a misdemeanor. To constitute this offence the words spoken must amount to a charge of actual illicit sexual intercourse. It is admitted in this case that the woman of whom the alleged slanderous words were spoken is chaste and virtuous. If, from the evidence, you find beyond a reasonable doubt that defendant spoke of and concerning Nancy Love that 'she looked like a woman who

STATE *v.* BENTON.

had miscaried,' then the law would imply malice, as these words of themselves amount to a charge of incontinency when spoken of a single woman, as this woman is admitted to be. If you find that the words spoken were that 'she looked like a woman who had been confined to her bed by sickness,' such words would not amount to a charge of incontinency, and defendant would not be guilty. The burden is on the State to satisfy you beyond a reasonable doubt that defendant said she looked like a woman who had miscaried. If you so find, then he is guilty ; otherwise, you will acquit." Defendant excepted to the refusal of the court to give the fourth instruction, and to that portion of the charge to the effect that the words alleged by the State to have been used by the defendant implied malice and were *per se* slanderous when spoken of an innocent and virtuous single woman, Miss Love being admitted by the defendant to be such.

There was a verdict of guilty and defendant appealed from the judgment thereon.

*The Attorney General*, for the State.
No counsel, *contra*.

FAIRCLOTH, C. J.: The defendant is indicted for slandering an innocent woman. The indictment charges that the defendant wantonly and maliciously declared in substance that Nancy S. Love was an incontinent woman. The material evidence was that the defendant said that said Nancy "looked like a woman who had miscarried." The court told the jury that if they were satisfied beyond a reasonable doubt from the evidence, that the defendant said she "looked like a woman who had miscarried," then he is guilty, and the law implies malice from such words spoken concerning a single and chaste woman as Nancy is admit-

ted to be.    This was error, as these words do not, without some evidence of the conditions, circumstances and surroundings under which they were spoken, *per se* imply that he intended to say that the woman had been guilty of sexual intercourse.    It was an expression of an opinion as to her personal appearance and the defendant was entitled to explain, if he could, what he did mean.    Under the charge, however, the jury was bound to render a verdict of guilty, whatever they might have believed and whatever the defendant may have meant.    The expression does not necessarily imply a previous state of pregnancy, as such an appearance might result from some other cause.    In adopting this course we expressly reserve the question, if it comes to us again, whether the same words alone are of such a character as to justify the court in submitting them to a jury upon a question of guilt.

New Trial.