## ACTION FOR RECOVERY OF REAL ESTATE AGENT'S COMMISSION.

Circuit Court of Cuyahoga County.

EMANUEL TREUHAFT ET AL V. FREDERICK L. DAMBACH.

Decided, March 6, 1905.

*Evidence—Admissions—Contract of Indemnity.*

In an action by a real estate agent, for commissions earned, a contract by which the vendor indemnified the vendee against any claim for commissions is not admissible in evidence as an admission on his part that such commissions had been earned.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

In the court below Dambach recovered a judgment against the defendants, Treuhafts, for agent's commission on the sale of certain land by Treuhafts to a corporation known as the Girard Company. Of the various errors which the Treuhafts allege are shown by their bill of exceptions, we find but one that is deserving of serious consideration. Dambach had been concerned in the transaction, and at the time it was consummated it was known to both vendor and vendee that he claimed the agent's commission thereon. This claim was repudiated by both parties to the sale, but inasmuch as it menaced the conclusion thereof the vendee, for the consideration of one dollar, was induced to indemnify the vendor against it, by an agreement. in writing, which was offered and received in evidence for the avowed purpose of disclosing the interest of the Girard Company in the outcome of the action and thereby affecting the credibility of the testimony of that company's officers. The admissibility of the agreement upon this theory is not questioned. The court below, however, in charging the jury, shifted from this ground to another and said:

"It will not be within your province to render a verdict against the defendant Treuhaft simply on the grounds that they had taken an indemnity against any verdict that might be rendered, but as bearing upon the frame of mind in which they

were at the time, and how they regarded the claims of this plaintiff, and for no other purposes.''

The Treuhafts allege that this is ground for reversal, claiming that it erroneously allowed the jury to consider and construe the indemnity agreement as in the nature of an admission that perhaps they owed Dambach what he claimed. Counsel for plaintiff in error have failed to aid us by any citation of authority in this behalf. On principle, however, we think that the procurement of indemnity against loss from the threatened enforcement of a claim can not of itself be considered as an admission, or in the nature of an admission of liability on such claim. A case directly in point is *Lucas* v. *Nicholas*, 52 N. C., 32. Lawful efforts to buy one's peace, whether by compromise or the procurement of indemnity or otherwise, if they do not amount to an express admission of a definite fact, ought in general to be privileged. In view of the proverbial vexations and uncertainties of litigation, any man may well dread being sued, even in a groundless action. May he not, therefore, without prejudice avail himself of any justifiable means to avert such jeopardy of his estate? It has been well said in an analogous case that ''parties in danger of falling into litigation often do this with great propriety and prudence.'' *Waller* v. *Rossman*, 45 Mich., 333.

No other theory is suggested by which the bearing of this indemnity agreement upon the frame of mind of the Treuhafts could be material, and we must conclude that the court below was understood by the jury to permit a finding that the procurement of the agreement by the Treuhafts was an admission of the latter's liability to Dambach. This, we think, was error prejudicial to the defendants below, and for this error, and this only, the judgment of the court of common pleas is reversed.