WALKER, J., dissents; HOKE, J., concurs in the dissenting opinion.
The facts are sufficiently stated in the opinion of the Court by MR. CHIEF JUSTICE CLARK.
This is an action for slander, on an allegation that the defendant had charged the plaintiff with stealing cotton, said charge having been made on three several occasions, viz., to John Cochrane, to L. A. Ferguson, and to Charles Simpson. Neither justification nor privilege was pleaded, but a denial of having charged the plaintiff with larceny.
The issues submitted were:
(180) "Did the defendant speak and publish of and concerning the plaintiff the alleged slanderous words set out in article 1 of the complaint with the intent to thereby charge the plaintiff with the crime of larceny?"
This paragraph alleged that the charge was made to one John Cochrane. The second issue was in the same words as to the alleged conversation with L. S. Ferguson, and the third issue was in the same words as to the alleged conversation with Charles Simpson. *Page 145 
There was no exception to the issues. The judge in charging the jury told them that the charge of larceny need not be made in express terms by declaring that the person is a thief or that he has stolen, but the imputation may be made by the use of any apt words which in connection with the other words and in view of the circumstances under which they are used naturally import that the person spoken of has committed the crime of larceny, and that the words were used in that sense. And further charged them that if they found "from the greater weight of evidence that the defendant spoke to or in the hearing of John Cochrane words which should be reasonably construed to mean a charge of larceny of cotton by McCall from J. P. Sustair, and that defendant intended to charge him with larceny in uttering said words, they would answer the first issue `Yes.'"
The plaintiff excepted because the judge inserted the words, "and that defendant intended to charge him with larceny in uttering said words."
The plaintiff also excepted because the court charged the jury, "The words, to be slanderous, must have been spoken with the intent to charge the crime of larceny, and the words used under the circumstances must be so understood by the hearers."
The judge used the same instructions, that there must be an intent on the part of the defendant to charge the plaintiff with larceny, in instructing the jury on the second and third issues. This presents substantially the controversy submitted on appeal.
The proof was not that the defendant had used the word "stole," but that he said to Cochrane that his brother had "ketched McCall taking some pokes of cotton out of his cotton patch the night before." As to the second issue, Ferguson testified that he (181) "told defendant that he didn't doubt that Thomas had lost the cotton, but didn't believe that Dave McCall got it, to which defendant replied, `I do,' and that defendant further said: `I believe Dave McCall got it, for Thomas said he had seen him get it.'" As to the third issue, Simpson testified that the "defendant told McCall that he had come down to make up with him," and said, "Now, we have come up here to make up this trouble between you and Thomas about taking Thomas's cotton," to which McCall replied, "I never took any cotton from Thomas or any one else." The defendant replied, "Thomas saw you take it, and you know you got it; Thomas says you got it," and McCall replied that he didn't get it and was very sorry they accused him of getting it, and he had not taken cotton from any one.
If the evidence had been that the words used were unequivocal that the plaintiff "had stolen the cotton," then the judge would have been *Page 146 
justified in charging the jury that if they believed the evidence they should answer the issue "Yes." But here the words proven were that the plaintiff had "taken the cotton." The judge therefore properly charged the jury that the burden was upon the plaintiff to find whether the words in view of the circumstances under which they were used naturally imported that the persons spoken of had committed the crime of larceny, and that the words were used with the intent to charge the plaintiff with larceny in uttering said words. The words were not an express charge of larceny, because a "taking" of cotton is not necessarily larceny. Whether the use of that word was intended to convey, under the surrounding circumstances, a charge that the defendant had "stolen" the cotton, was a matter which was properly left to the jury.
In Lucas v. Nichols, 52 N.C. 36, the Court said: "The words used being ambiguous and capable of a double construction, it was proper for the judge to leave it to a jury to decide under the circumstances whether it was intended thereby to charge the plaintiff with a crime."
The plaintiff contends here that this well-settled principle is not in point, because only one opinion could be drawn as to the meaning (182) of the language used. But we do not think so, and neither did the jury to whom the matter was submitted. They have found as a matter of fact that the defendant did not intend to charge the plaintiff on either occasion with larceny. We cannot know how far the jury may have been influenced by the fact that if the defendant intended to charge the plaintiff with larceny his conduct in attempting to make up the matter with him would have been the compounding of a felony, and therefore that it was unlikely that he had charged the plaintiff with the felonious taking of the cotton.
No witness testified that the word "steal" was used at any time, but in all the conversations the word used was "take" or "got," which does not necessarily imply a "felonious taking"; and as to the surrounding circumstances, there is the fact that there was an attempt by the defendant and his brother to settle the matter by getting the plaintiff to pay for the cotton. There is also the testimony of the defendant that he did not mean to charge the plaintiff with stealing the cotton and did not think that the plaintiff had stolen it, and had never told any one that he thought the plaintiff had stolen the cotton. In Hampton v. Wilson,15 N.C. 470, Ruffin, C. J., said that unless the words used could bear only one construction "it was for the jury to pass upon the intent, to be collected from the mode, extent, and circumstances of the publication." To same effect is Studdard v. Linville,10 N.C. 474, where the Court laid down the rule, "Words to be slanderous *Page 147 
must be spoken with an intent to slander and must be so understood by the hearer." That case has been approved in McBrayer v. Hill, 26 N.C. 139;Pugh v. Neal, 49 N.C. 369.
The words "took" or "got" being susceptible of more than one construction, the court properly left the question of the intent and meaning of the language to the jury to say whether the hearers would reasonably have construed them as charging larceny of the cotton. "Where in an action for slander the words are ambiguous, but admit of slanderous interpretation, it should be left for the jury to say under all the circumstances what meaning was intended." Reeves v. Bowden, 97 N.C. 32;Lucas v. Nichols, 52 N.C. 32. The intent with which the words were used was left to the jury in S. v. Benton, 117 N.C. 788; (183)Webster v. Sharpe, 116 N.C. 470, and Hudnell v. Lumber Co.,133 N.C. 169.
In Wozelka v. Hettrick, 93 N.C. 13, relied on by the plaintiff, the defendant admitted that he spoke the words charged, which were slanderousper se, and the Court held that an honest belief in the truth of the charge was not a defense and could be considered by the jury only in mitigation of damages.
In the recent case of Fields v. Bynum, 156 N.C. 413, it was not contended that the words spoken were of doubtful import, as in this case, but they plainly and unequivocally charged the plaintiff Fields in the nighttime had burned, not one, but two, sawmills of the defendant. The language there used is set out in the opinion by Mr. Justice Brown and is too plain to admit of any doubt as to its meaning. It was not even contended that the words were not actionable per se. The defense was that the occasion upon which they were spoken was privileged. The difference between that case and this is plainly manifested in the statement of facts.
No error.