### BETTIE LONG v. L. A. BYRD.

(Filed 20 October, 1915.)

**Trials—Expression of Opinion—Vendor and Purchaser—Contracts—Breach of Warranty—Courts—Interpretation of Statutes.**

In an action upon a check given for the purchase of a horse, the payment of which was in controversy, and defended upon the ground of a breach of warranty of the horse, a suggestion made by the trial judge, that a good way to test the truth of the matter would be for each party to select a man and drive the horse sufficiently to see what his condition was, is not an expression of opinion to the defendant's prejudice, as to whether the fact at issue was proven, and does not constitute error under the provisions of the Revisal, sec. 535.

APPEAL by defendant from *Peebles, J.,* at January Term, 1915, of DUPLIN.

LONG *v.* BYRD.

This was an action on a check given for the purchase money of a horse. The issues submitted were:

1. Did the plaintiff warrant the mare to be sound, as alleged in the answer? Answer: "No."

2. If so, was there a breach of said warranty? Answer: "No."

3. Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: "Yes, $334.50."

This was the amount of the check and interest. The defendant had returned the horse to the plaintiff and the jury appended a note to their verdict that the horse was worth its feed.

*H. D. Williams and George R. Ward for plaintiff.*
*Stevens & Beasley for the defendant.*

CLARK, C. J. The only exception is that when a witness for the plaintiff testified as to the good condition of the horse in the respect in which it had been alleged to be defective, the judge suggested to the jurors that a good way to test the truth of the matter would be to let the plaintiff select one good man and the defendant another and drive the horse sufficiently to test what its condition was. The plaintiff was willing to the suggestion, but the defendant declined and assigned the suggestion of the judge as an expression of opinion. The jury found that the plaintiff did not warrant the horse and that there was no breach of the warranty.

If any one could have complained it was the plaintiff only upon the ground that the test suggested by the court was an intimation that there had been a warranty by the plaintiff.

Revisal, 535, originally ch. 452, Laws 1796, prohibits the judge from giving "an opinion whether a fact is fully or sufficiently proven." This the judge did not do. This Court has often called attention to the fact that it is not every remark of the court during the trial that will be construed a violation of this section. In *S. v. Angel,* 29 N. C., 27, *Ruffin, C. J.,* says: "The facts on which the statute restrains the judge from expressing an opinion to the jury are those respecting which the parties take issue or dispute and on which, as having occurred or not occurred, the imputed liability of the defendant depends." This is quoted in *S. v. Howard,* 129 N. C., 661, and many other cases are there cited to the same effect.

The jury found in response to the first issue that the plaintiff did not warrant the horse. If, therefore, the court had expressed any opinion as to the breach of the warranty it could not have been prejudicial, unless, as above stated, possibly as against the plaintiff. Besides, the remark of the court did not indicate whether the judge thought that there was or was not any breach. In fact, doubtless his Honor had neither information nor opinion in regard to the matter.

It could have done no harm if the court had refrained from making the suggestion, which was a wise and practical one, which the parties might well have resorted to before bringing an action. The judge suggested that it would be even then a good way to test the truth of the alleged defect in the horse to let each side select a good man to drive it sufficiently to ascertain the truth. Presumably these witnesses were later to come before the jury and give their testimony unless the parties were content to settle without further trial. In this there was no prejudice to either party apparent, and the judgment was properly entered upon the verdict.

In many cases the jury themselves have been permitted to go out to view the premises, *Jenkins v. R. R.,* 110 N. C., 441, citing *S. v. Gooch,* 94 N. C., 987; *Hampton v. R. R.,* 120 N. C., 539; *S. v. Perry,* 121 N. C., 535, and other cases. This is also authorized by express statute, Rev., 519 (3); *Kelly v. Lumber Co.,* 157 N. C., 178.

Children have been exhibited to the jury for comparison in cases of alleged paternity, *S. v. Horton,* 100 N. C., 443; *S. v. Woodruff,* 67 N. C., 89; weapons that have been used in committing an alleged crime have been exhibited to the jury, *S. v. Mordecai,* 68 N. C., 207. The fact that a witness was made to place his shoe in a track to identify it has been given in evidence, *S. v. Graham,* 74 N. C., 646; *S. v. Hunter,* 143 N. C., 610. In like manner wounds, models, diagrams, maps, photographs, and lately X-ray photographs have been admitted in the effort to find the truth.

In the present case the judge did not go that far, but merely suggested a method by which witnesses selected by each side would form an opinion as to the fact in controversy that might be satisfactory to the litigants and useful to the jury, if the result was accepted by the parties.