## MARCONI et v STATE

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 7, 1932

Joseph Julius, Youngstown, for plaintiff in error.

R. L. Thomas, Prosecuting Attorney, Youngstown, for defendant in error.

ROBERTS, J.

It is now claimed that this alleged confession was not competent for the consideration of the jury, and perhaps it may be conceded so far as that is concerned, that without the confession the evidence in the case would not have been sufficient to have justified the conviction of Marconi. So we have presented this question, as to whether or not in view of these conditions there was sufficient evidence to justify the consideration of the confession, and this involves

giving some consideration to the proposition as to when confessions are admissible and when they are not admissible, it being the general rule that a person may not be convicted alone upon his own confession. There must be other evidence of the corpus delicti, as it is called. Reading now from 7 R.C.L., page 774:

"In a general way the term corpus delicti means, when applied to any particular offense, that the specific crime charged has actually been committed by some one, and it is made up of two elements: first, that a certain result has been produced, as that a man has died or a building has been burned; second, that some one is criminally responsible for the result. It has been said that the corpus delicti consists of the fact that a crime has been committed and that the defendant was implicated in the crime. This definition is surely inaccurate, for, if true, all that would be necessary to convict of a crime would be to prove the corpus delicti, but although inaccurate the definition has been approved in some decisions.

Proof of a charge in criminal causes, involves the proof of two distinct propositions: first, that the act itself was done, and secondly, that it was done by the person charged, and by none other—in other words proof of the corpus delicti and of the identity of the prisoner. Hence, before there can be a lawful conviction of a crime, the corpus delicti, that is, that the crime charged has been committed by some one—must be proved. Unless such a fact exists there is nothing to investigate. Until it is proved, inquiry has no point upon which it can concentrate; indeed there is nothing to inquire about."

Turning now to the case of **State v Knapp, 70 Oh St**, reading from the opinion on page 392 by Davis, J:

"The circuit court held (Knapp v State, 25 O.C.C., 571) that 'where the indictment charges that the crime was committed by choking and strangling to death the deceased, the corpus delicti in such case consists of the death of the victim together with facts which show that she met her death by being choked and strangled, and it is incumbent on the state, in order to warrant a conviction, to prove, other than by extra-judicial confessions of the accused, the death of the victim and that the crime was committed by the accused substantially in the manner charged in the in-

dictment. 'Assuming for the purposes of this case only, that under the code of criminal procedure of this state the description of the crime in the indictment and of the manner in which it was done must be strictly proved, and that the failure to so prove it would be a material variance, we nevertheless think that proof of the manner and means and by which the crime is consummated does not relate to the corpus delicti, but is proof relating directly and solely to the accused's guilty agency in the crime. Corpus delicti means the substance of the crime, and the substance of the crime charged in this indictment is that Hannah G. Knapp was murdered.

The proof of her death is direct and positive, so that if the circumstances shown are of such force when taken together as to leave no room for reasonable doubt that she was murdered, then any extra-judicial confession by the prisoner, if otherwise competent, may be considered for the purpose of establishing his connection with the crime; and if the facts extrinsically proved by the state corroborate the confession, then 'full direct and positive evidence of the corpus delicti is not indispensable' to admit the confession in evidence.

And reading from the syllabus in this case:

"The phrase corpus delicti as used in criminal law means the substance of the crime: and on a trial under an indictment for murder, proof of the manner and means in and by which the crime was consummated, does not relate to the corpus delicti, but is proof relating solely and directly to the accused's guilty agency in the crime.

In such case, when the proof of the death is direct and positive, if the circumstances shown are of such force when taken together as to leave no room for doubt that the accused was murdered, any extra-judicial confession by the prisoner, if otherwise competent, may be admitted in evidence for the purpose of establishing his connection with the crime.

If the facts extrinsically proved by the state corroborate the confession, then full, direct and positive evidence of the corpus delicti is not indispensable to admit the confession in evidence; and if such extrinsic corroborative facts, when considered with the confession, persuade the jury beyond a reasonable doubt of the prisoner's guilt as charged, such evidence will support a verdict of guilty."

Reference will be made to one other authority and that is 4 O.C.C. Rep., Knapp v State of Ohio, commencing on page 184. The court in this case in considering the question of corpus delicti quotes definitions from different authorities, and then from the 109 N. Y., 110, where the court is quoted as saying:

"A dead body is found with the skull mashed in upon the brain, under circumstances which exclude any inference of accident or suicide. There we have direct evidence of the death, and cogent and irresistible proof of the violence; the latter the cause and the former the effect; both obvious and certain, and establishing the existence of a criminal fact demanding an investigation. These facts proved, the corpus delicti is established."

3 Greenleaf on Evidence, §30:

"The proof of the charge in criminal causes involves the proof of two distinct propositions; First, that the act itself was done, and, secondly, that it was done by the person charged, and by none other."

From the authorities which have been read it may be understood that a distinction may exist between different kinds of crime. For instance, the dead body of a person may be found. That does not necessarily import that a crime has been committed or that a murder has occurred, that death may have resulted from natural causes, but if there are marks and injuries on the body showing conclusively that death was caused by violence, it must have been inflicted by some other person. Then we have not only the corpus but the delicti, the body and the wrongful act.

Now, in this case under consideration a railroad freight car is discovered to have been broken open and burglarized. The very nature of that act implies both the corpus and the delicti; that is, the open car and that it was open as the result of a wrong perpetrated of a criminal act in its being burglarized. So that the fact of the discovery of the car in this condition, broken open and the goods taken out, involves the definition of corpus delicti. So we have in this case by this proof of the discovery of the car in this condition proof of the corpus delicti, and when that proof is made then the confession of a person under charge, the extra-judicial confession, is competent and may be considered by the jury in connection with the other evidence in the case to determine whether or not the person under charge is guilty of the offense claimed against him. If the offense had been of some other nature, for instance an assault upon some other person, it might have been necessary to have gone further, because, as I have before suggested, the mere finding of a body would not of itself indicate that a crime had been committed, but a crime is necessarily involved in this case by the discovery of the open freight car and the goods removed. The rule invoked does not mean that there must be other evidence in connection with the confession that the accused committed the act but simply that some one committed a crime. This being done, then the confession is competent. It follows then upon consideration of this issue raised in this case that the confession was properly admitted, and proper to be considered by the jury in determining the guilt or innocence of the accused, and that no prejudicial error occurred in this respect.

There are several other matters suggested somewhat incidental in connection with the matter which has just been disposed of which are claimed to have been prejudicial to this plaintiff in error. One is that it was the duty of the trial judge to instruct the jury as to all the law applicable to the case, and that the failure of the court to instruct as to extra-judicial confessions constitutes error. It is quite evident from a consideration of this case that this matter of extra-judicial confession, as to whether it was competent or not, or whether it could properly be considered by the jury, was an after-thought on the part of those who were connected with the case. It is only raised in a supplemental brief. The attention of the court was not called to it in any way and no complaint made of the charge in this connection. The court had no means of knowing whether this question was to be raised or not, and in any event it has been found that it was competent and not erroneous, so that there is no prejudicial error in that respect.

It is further complained that the State failed to require the presence of these other men who are implicated in this transaction and who had previously pleaded guilty, to testify in this case, claiming that it indicated a presumption that their testimony would have been favorable to these parties. Well, if they were not called by the state, it was the right, it is assumed, of the defendants to have called them, and if there

was any dereliction from duty in calling them it involved the defendants on trial, it being their privilege to call these witnesses if they so desired. They can not complain of the failure of their being called by the state.

There is some complaint made concerning the admission of testimony concerning the burglary of the Pennsylvania car and the taking of the goods therefrom, which was not the car which was specified in the indictment as having been burglarized but was the car from which the goods found in the possession of Marconi from which these goods were taken. The right of this testimony was insisted upon by counsel for the state under the provisions of §13444-19 GC for the purpose of showing the motive, intent and scheme of the defendants in conspiring to burglarize railroad cars. The confession of Marconi having been held to have been competent and in connection with that confession and the other evidence in the case, this testimony was not incompetent or prejudicial to these defendants by reason of its tendency to show the design and purpose of these men to burglarize cars and property being found from the different cars in the different homes of these defendants.

It is not understood that anything is claimed in this action so far as a right to a new trial by Tomasovich is concerned, but these matters have been urged to which attention has been drawn by counsel for Marconi, with the conclusion after giving them careful consideration and examination of authorities that prejudicial error did not occur, and the judgment of the Court of Common Pleas is affirmed.

FARR and POLLOCK, JJ, concur in the opinion.