IIuppiN, Chief-Justice
 

 The only question in this caséis, whether the defendant’s plea of justification is a bar, without an averment in it, and proof that the report propagated by the defendant, was true in fact. The learned Judge held that it was not, unless the matter was true as reported, and the defendant excepted to his opinion.
 

 The case of the
 
 Earl of Northampton,
 
 (12
 
 Rep.
 
 132,) is the leading authority upon this subject. It is there laid down, that in slander of a private person, if J. S. publish that he hath heard J. AY. say that J. S. was a thief, if the truth he such, he may justify. But if
 
 *469
 
 J. S. publish that he hath heard generally, without a ccr tain author, that J. S. was a thief, then an action lies against J. S. although in truth he might have heard those words, for this, that he hath not given to the party grieved any cause of action against any but himself. It is believed that the position of
 
 Lord
 
 Coke, which bears upon the present question, has never been doubted, but has been deemed settled law ever since. The first of those rules has indeed, been several times questioned and with apparent reason, but the grounds on which the correctness of that has been scrupled, serve but to confirm, the latter, and evince entire satisfaction with it. Indeed it would seem impossible to assent to the first proposition, to the extent of its terms, without some qualification. For it cannot be denied, that the repetition of a slander may in fact be highly detrimental; and it is easy to imagine, nay it is the natural inference from the act, that the repetition of slanderous words, even as those-of another, vouched at the time, may be upon the intent to circulate the scandal and cause it tobe believed ; and such intent and effect are apparently injurious. Yet the rule taken literally, denies redress by allowing the repeaters to justify by a plea which avers only the truth of
 
 Ms
 
 words, without also averring the truth of those of his informer, thereby putting in issue the imputed guilt of the plaintiff,or that the repetition was upon an occasion-shown in the plea to be necessary and innocent, thereby rebutting the bad motivo implied. This would be to establish the privilege of circulating, under the name of another, a false charge, although the party knew it to be false, and withheld that circumstance. Again : suppose one to say, A told me that B was a thief, and desired me to tell all I should see that he said so, and he accordingly makes it his business to publish it in the words and upon the authority of A. It is obvious, that in intention and by his actions, he gives the accusation his own sanction ; and in point of fact, may injure the accused as much as if he professed to affirm what he merely declares another to have affirmed, and perhaps more, as in effect, there are two accusers instead of one — since
 
 *470
 
 all will ask, why so anxiously publish the words, if he ■does not believe them. Yet, in wcpxls, the propagator .expresses no opinion, belief or accusation of his own, so as to render him liable to an action, if the truth of his words merely will justify them. Such a doctrine is against good morals, and would destroy‘the peace of society. He who publishes slanderous words even as those of a third person with the intent, (Ho be collected from the mode, extent, and circumstances of thepubli-cation,) that the charges should be believed, does an injury in fact to the person slandered, and ought to answer tor it. Without undertaking to settle the mode of pleading, we consider it safe to say, that as a plea ift bar by itself, the justification is not in all cases complete, merely upon the allegation that he did hear from A, the words which he repeated as thoseof A; but that the truth of the charge, the circumstances of thepublication, the motives of the propagator do enter materially into the questions Of injury to the plaintiff, and of the defendant’s responsibility therefor.. To that extent it must be understood, that Lord
 
 Coke
 
 meant his words to be modified. The justification does not consist merely in the facts, that the defendant heard the words, and ■gave Up his author; for that gives him no right to repeat them, if false, especially if he knew them to be false, and with intent to cause the guilt of the plaintiff to be ■believed. Such conduct makes him the endorser of the «lander, and gives the party grieved a recourse against him, or the author, orbot.h. It lias been strongly intimated that tlie broad doctrine of Lord
 
 Coke
 
 as applicable to libels, js altogether inadmissible.
 
 Lewis
 
 v
 
 Walter,
 
 (6
 
 Eng. C. L. R.
 
 535, and
 
 Dole
 
 v
 
 Lyon, (10
 
 John.
 
 447)
 
 were cases, where the defendants, the editors of newspapers, sought to justify by the allegation.that they copied thepublication from another newspaper,which they named as the authority. But the court thought that if the original publisher hail been designated instead of his journal, it did not form a bar, by reason of the motive which ought to be the subject of inquiry by the jury, and the mischievous consequences of an enlarged publication.—
 
 *471
 
 Indeed there is a familiar case
 
 from which it is
 
 apparent that the printer is neither justified or excused by rendering the author. I mean an original libellous publication made as a communication with the author’s name to it— certainly botli the writer, and the printer are liable, for the latter aids in scattering the firebrands, and every printing of the scandal is a new publication.
 

 In principle, I do not perceive a difference between oral and written slander in this respect. The injury is the same in its nature, though it may not be in degree. It is remarkable too, that, although the first part of the rule found in the
 
 Earl of Northampton’s case,
 
 is often mentioned in reports and treatises, yet no adjudication is foiirnl, which directly affirms it, but in each instance, where it came under discussion, it is denied to be true in its utmost latitude or doubted, and the case then under consideration distinguished out of it.
 

 Certainly then we are not at liberty to adopt that as a substitute far the latter part of the proposition, but are bound to receive and sustain in its integrity the later rule itself, in all cases which fall within it. If we did not, a person slandered might lose the whole benefit of this action. He could neither recover past damages, nor re-instate his character. Every one might alike justify upon common report, and the plaintiff could not put the fact, constituting his imputed guilt, in issue in any suit, which lie could possibly bring.
 

 Upon the matter of the exception therefore, this court concurs in the opinion of his Honor, and no other error is perceived in the record, of which the defendant can complain.
 

 Per Curiam — Judgment affirmed.