## NICHOLS *v.* GUY.

The charging of a person with having a loathsome disorder is actionable without proof of special damage; but the declaration alleging the words in the past tense, is bad on demurrer.

ERROR to the *Bartholomew* Circuit Court.

BLACKFORD, J.—This was an action of slander brought by *Guy* against *Nichols.* The declaration, after alleging that the defendant intended, maliciously and wickedly, to destroy the plaintiff's character, &c., laid the words as follows :

First—"*Silas Guy,* (meaning the plaintiff,) *had* the clap;" (meaning that the plaintiff had, at the time said words were spoken as aforesaid, a certain foul and loathsome disorder called the clap).

Secondly—"*Silas Guy,* (meaning the plaintiff,) has the clap;" (meaning that the plaintiff had a certain foul and loathsome disease called the clap, at the time the words were spoken as aforesaid).

There was a demurrer to each set of words.

The demurrer to the words first above stated was sustained; and, we have no doubt, correctly. Those words, being in the past tense, are not actionable. *Carstake* v. *Mapledoram,* 2 T. R. 473. The *inuendo* alleging the defendant's meaning to be, that the plaintiff had the dis-

ease at the time the words were spoken, is not warranted by the words charged.

The demurrer to the second set of words was overruled.

The defendant pleaded the general issue. He also pleaded, specially, that other persons had spoken the same words of the plaintiff; and that when he, the defendant, spoke the words, he believed them to be true. This special plea was demurred to, but no disposition appears to have been made of the demurrer.

The cause was tried on the general issue, and a verdict rendered for the plaintiff.

Motion for a new trial overruled, and judgment on the verdict.

The record shows that the second set of words was proved as laid.

The defendant contends that the words thus proved are not, *per se*, actionable; but we are of a different opinion. To say of a person that he has the plague, or that he has the leprosy, is considered to be actionable. 1 Stark. on Sland. 100, 101. So, it has been recently held, that the charging of a person with having got the pox, meaning the *French* pox, is actionable without proof of special damage. *Bloodworth* v. *Gray*, 7 Mann. and Gr. 334.

The ground of the action for words of this description is the presumption that the party charged will be wholly or partially excluded from society by reason of the charge. 1 Stark. on Sland. 99. In the case before us, the imputation contained in the second set of words, if believed, was well calculated to exclude the plaintiff, at least partially, from society; and the words are, therefore, actionable.

The defendant complains of the judgment, because the demurrer to his special plea was not disposed of. But that plea is obviously bad; and, of course, the want of a decision on the demurrer, can be of no injury to the defendant.

*Per Curiam.*—The judgment is affirmed with costs.

*G. G. Dunn*, for the plaintiff.

*H. P. Thornton* and *J. S. Watts*, for the defendant.