ISAAC KAUCHER ET AL. v. ADAM BLINN.

Words charging a man with being afflicted with a venereal disease are actionable in themselves.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Darke county.

In slander. The words alleged in the petition to have been spoken were, in substance and effect, that the plaintiff (defendant in error) was then afflicted with the clap.

The petition was demurred to on the ground that the words alleged to have been spoken were not actionable in themselves.

The court of common pleas sustained the demurrer, and gave judgment for the defendants; which was reversed by the district court, on error, on the ground that there was error in sustaining the demurrer. It is sought by this proceeding to obtain a reversal of the judgment of the district court.

*Jobes & Anderson,* for the motion, cited *Brooks* v. *Coffin,* 5 John, 188; *Wright,* 140; *Alfele* v. *Wright,* 17 Ohio St. 238; *Hollingsworth* v. *Shaw,* 19 Ohio St. 430; *Davis* v. *Brown,* 27 Ohio St. 326.

*Allen, Devor & Allen,* contra.

GILMORE, J. If the words alleged to have been falsely spoken were actionable in themselves, the judgment of the district court must be affirmed.

Where the question is whether slanderous words are actionable in themselves, *as charging the plaintiff with crime,* the law is as claimed by counsel for plaintiff in error, viz., the charge, if true, must be such as would subject the party charged to an indictment for a crime involving moral turpitude or to an infamous punishment. *Dial* v. *Holter,* 6

Ohio St. 228; *Alfele* v. *Wright*, 17 Ohio St. 238; *Hollings-worth* v. *Shaw*, 19 Ohio St. 430.

But the words in this case, if actionable in themselves, are not so because they impute a *crime* to the party charged, but because they asserted that he was afflicted with a loathsome and contagious disorder, which, if believed, would cause him to *be shunned and avoided by society* and excluded from the favor and countenance of all moral persons.

From a very early period in England it has been held that to charge a person with having the "French pox" or "great pox" was actionable *per se*. "If one man says to another that he has the great pox, an action upon the case lies because this is a great slander and disgrace, inasmuch as this comes from fornication, and no man will converse with him." Viner's Abr. Action for Words, H. a. 3. And in the case of *Bloodworth* v. *Gray*, 49 Eng. Com. Law R. 334, which was an action of slander for saying that the plaintiff was infected with the French pox, the words were held be within the principle of the old authorities, and actionable *per se*.

The weight if not the uniform current of authority in this country is to the same effect. *Goldman* v. *Stearns*, 7 Gray, 181; *Williams* v. *Holdridge*, 22 Barb. 398; *Hewit* v. *Mason*, 24 How. Pr. R. 366; *Nichols* v. *Guy*, 2 Carter, 82; *Watson* v. *McCarthy*, 2 Kelly, 57.

In the latter case it was contended, on the authority of Mr. Starkie, that actions for words of this description, in the absence of special damage, have been confined to the charges of being afflicted with "French pox" or "great pox," and that clap, which was the word used in the case, was altogether different, being, as claimed, much less infectious and much less dangerous, and that, therefore, the words charging the plaintiff with being afflicted with the disease last named were not actionable in themselves. But the court very properly refused to recognize the distinction.

Words are to be taken as commonly understood, and from the words used in this case there can be no doubt

that the speaker intended the hearers to understand that the plaintiff below was, at the time, afflicted with an infectious venereal disease, and we think it was immaterial which of the forms of the disease, as above mentioned, was intended or understood, as the words, understood in either sense, would be actionable in themselves.

There is no error in the judgment of the district court.

*Motion overruled.*