Edward McDonald, Appellant, v. Mary A. Nugent, Appellee.

Slander: words actionable per se; malice; presumption: instruction. Words charging another with being afflicted with a venereal disease are actionable *per se*, and proof of their utterance establishes malice without other evidence; and an instruction that malice must be established by a preponderance of the evidence is error, which is not cured by the statement in another paragraph that it may be inferred from facts and circumstances without direct proof.

Withdrawn Pleadings: effect in evidence. Allegations of a withdrawn pleading introduced by the opposite party are not presumed to be true, but should be considered simply as affecting the pleader's contradictory testimony.

*Appeal from Dubuque District Court.*—Hon. M. C. Matthews, Judge.

Monday, February 8, 1904.

Action at law to recover damages on account of an alleged slander. Verdict for defendant, and plaintiff appeals. —*Reversed.*

*G. A. Barnes* for appellant.

*A. P. Gibbs* and *J. C. Longueville* for appellee.

Weaver, J.—The plaintiff charges the defendant, who is his mother-in-law, with saying to him, in substance, that he, a married man, was in the habit of consorting with lewd women, and, through such adulterous intercourse, had contracted a loathsome sexual disease, which he had communicated to his wife. The defendant denies the allegation, and

justifies by pleading the truth of the charge. He also sets up certain matters by way of mitigation, and pleads that the language that she did use was of a privileged character.

I. The first proposition of the defendant is that the verdict of the jury is clearly against the weight of the evidence. We should not be inclined to disturb the judgment below on this ground alone, but, as a new trial must be ordered for other reasons, we refrain from any discussion of the facts disclosed by the record.

II. The principal errors assigned have reference to certain instructions given by the court to the jury. From these instructions we quote the following paragraphs:

"(5) Words spoken that impute t⌐ the person the commission of a statutory offense are actionable *per se* (that is, of themselves), and the law presumes they were spoken maliciously.

"(6) That words that impute a person is infected with a contagious disease are not actionable *per se* (that is, of themselves), and malice must be proven, and is not presumed.

\*     \*     \*     \*     \*     \*

"(8½) [Asked by defendant and given.] A portion of the original petition in this case has been introduced before you, unexplained by other testimony. These allegations are presumed to be true, and, if you are satisfied that these allegations or statements are what defendant said, then you should find for defendant.

"(9) In this case the words 'He is a chippy-chaser' impute to the plaintiff, he being a married man, the crime of adultery; and those words are actionable *per se,* and malice is presumed in their use, and need not be proven.

"(10) If the defendant knew or believed that her daughter, the wife of the plaintiff, was infected with syphilis, and defendant used the words, 'She must have got it from her husband,' she imputed that the plaintiff was inflicted with a contagious disease, but it is incumbent on the plaintiff to establish by a preponderance of the credible testimony that the defendant acted with malice."

While the meaning of some of the language of these instructions is not entirely clear, yet paragraphs 5, 6, 9, and 10 unquestionably direct the jury that, so far as the words alleged to have been spoken by defendant constituted a charge of adultery against the plaintiff, they were actionable *per se,* and that malice in such speaking is presumed, but in so far as such words constituted a charge that plaintiff was affected with a venereal disease, they were not slanderous *per se,* and that malice will not be presumed, but must be established by the plaintiff by a preponderance of the evidence. It is true that in another paragraph the court told the jury that malice "may be inferred from the facts and circumstances, without direct proof of the same," but this does not in any manner modify or change the substance or effect of the paragraphs above quoted in full. The proposition contained in said instructions, so far as they apply to language imputing to plaintiff the crime of adultery, is undoubtedly correct; but, so far as it relates to words imputing to plaintiff a venereal disease, it was erroneous and misleading. From an early date in the development of the common law of slander and libel, a charge made by one person that another is infected with a venereal disease has been held to constitute one of the few exceptions to the general rule applicable to oral slander—that, to be actionable *per se,* the words must impute some crime to the person defamed. Mr. Townsend classes oral words which are actionable *per se* as follows: (1) Those which charge an indictable offense involving moral turpitude; (2) those which charge a person with being affected with certain diseases; and (3) those which affect the person charged, in his office, profession, or occupation, or in some special character. Townshend on Slander & Libel, section 153a; Starkie on Slander, 97, 98, 99. This classification, somewhat elaborated, is followed in *Pollard v. Lyon,* 91 U. S. 225 (23 L. Ed. 308), and Cooley on Torts (1st Ed.) 195 to 203. The rule is expressly applied in *Watson v. McCarty,* 2 Ga. 57 (46 Am. Dec. 380); *Kancher v. Blinn,*

<div style="margin-left:2em; font-size:small">
1. WORDS actionable per se: malice: presumption: instruction.
</div>

29 Ohio St. 62 (23 Am. Rep. 727); *Golderman v. Stearns,* 7 Gray, 181; *Nichols v. Guy,* 2 Ind. 82; *Williams v. Holdredge,* 22 Barb. 396; *Irons v. Field,* 9 R. I. 216; *Upton v. Upton,* 51 Hun. 184 (4 N. Y. Supp. 936); *Hewitt v. Mason,* 24 How. Prac. 366. The same principle is also recognized in *Count Joannes v. Burt,* 6 Allen, 236 (83 Am. Dec. 625). Indeed, so far as we have been able to examine the authorities, we find none announcing the doctrine of the instruction under consideration.

There are cases like *Lucas v. Flinn,* 35 Iowa, 9, where the court announces the general rule that spoken words, to be actionable *per se,* must impute the commission of some offense punishable under the laws of the state, and makes no mention of any exception to that proposition; thus affording an apparent color of authority for the instruction given by the trial court. It will be found, however, in all these cases, that the alleged slanderous words are such as clearly fall within the general rule, and the court had no occasion to consider the matter of exceptions thereto. Fortunately for the good name of civilized society, legal controversies calling for a consideration of this particular exception are comparatively rare, but its existence has been universally affirmed by courts administering the common law whenever they have had occasion to pass upon a record like the one now before us. The thought upon which actions like the one at bar are held maintainable is not that the slanderous words impute a crime, but that the charge made, if true, or if generally believed to be true, would necessarily exclude the person thus impugned from the benefits of decent society. See the authorities above cited. A charge of crime, in the ordinary sense of the word, is a mild and harmless imputation, when compared with words which brand a man or woman as a leprous outcast, and it is a healthful doctrine which holds to strict accountability any one who indulges in such injurious reflections upon another. Holding, then, as we do, that to charge another with being afflicted with venereal disease is slanderous *per se,* it must follow that the further

instruction of the court that malice in making such accusation is not presumed, but is to be established by a preponderance of the evidence, was also error.    Where slanderous words, whether oral or written, are actionable *per se,* proof of the speaking or publication is all that is required.    Malice in such case is presumed, without other evidence.    *Parker v. Lewis,* 2 G. Greene, 314; *Harris v. Zanone,* 93 Cal. 59 (28 Pac. Rep. 845); *Mitchell v. Milholland,* 106 Ill. 175; *Howard v. Sexton,* 4 N. Y. 157; *Savoie v. Scanlan,* 43 La. Ann. 967 (9 South. Rep. 916, 26 Am. St. Rep. 200); *Ransone v. Christian,* 56 Ga. 351; *Byam v. Collins,* 111 N. Y. 143 (19 N. E. Rep. 75, 2 L. R. A. 129, 7 Am. St. Rep. 726); *Dillard v. Collins,* 25 Grat. 343; *Wilson v. Noonan,* 35 Wis. 321.    "Malice," as that word is used in cases of slander and libel, does not necessarily imply actual evil intent, but rather, the want or absence of any legal excuse for the speaking or publication of the injurious words.    *Jellison v. Goodwin,* 43 Me. 287 (69 Am. Dec. 62).ˌ Observing these principles, we are constrained to hold that the instructions above referred to imposed upon plaintiff a greater burden in establishing his cause of action than is justified by correct rules of law, and that the error was necessarily prejudicial.

The instruction marked "8½" cannot be approved.    It cannot properly be said that statements made in a pleading which has been superseded or withdrawn are presumed to be

2. WITHDRAWN true.    Their utmost effect is that of statepleading; ef-ments inconsistent with plaintiff's present fect in evid-dence.    claim, and, as such, may go to the jury as affecting the weight and value to be recorded to his testimony as a witness in the case.    The effect of the law as to privileged communications is discussed by counsel, but the instructions criticised do not attempt to state or explain the rights of the parties in this respect, and the principle relied upon by appellee is of no avail to cure the errors we have pointed out.

Other propositions discussed involve questions not likely to arise on a retrial.

For the reasons given, the judgment of the district court is REVERSED.