LILLIE A. HAMILTON v. ELI S. NANCE.

(Filed 17 April, 1912.)

**1. Slander—Issues—Exact Words—Substance—Appeal and Error.**

In an action for slander, it is reversible error for the judge to submit an issue under a charge that requires the jury to find that the defendant used the slanderous words exactly as set out in the complaint; for a recovery may be had if the defendant had used the words complained of in substance.

**2. Slander—Utterances—Present Conditions—Actionable per se.**

The utterance of defendant, that the plaintiff had (at the time of the utterance) a certain loathsome venereal disease, is actionable slander. As to whether at the time of the utterance it would have been actionable if it referred to the past, *Quære*.

**3. Slander—Utterances—Malice Presumed—"Reports"—"News."**

The law will presume malice, in an action for slander, from the statement of the defendant that the plaintiff has a certain loathsome venereal disease (referring to the time of the statement), whether it was made in the form of a "report," or "news," or a direct charge.

**4. Slander—Measure of Damages—"News"—"Reports"—Evidence.**

When a plea of justification is not interposed in defense to an action for slander, the defendant may offer evidence in mitigation to the issue as to the damages tending to show that his slanderous utterances were in the form of a "report" or "news."

**5. Slander—Issues—Justification—Verdict—Malice Presumed—Actual Malice—Measure of Damages—Punitive Damages.**

In an action for slander, where justification is not pleaded and privilege is not claimed, the jury, upon finding an affirmative answer to the first issue, implies, as a matter of law, that the charge complained of is false and malicious, and compensatory damages should be awarded; and additional punitive dam-

ages may also be given if the jury find actual malice. The proper issues and legal inferences in actions for slander where justification is and where it is not pleaded, set out and discussed by MR. JUSTICE ALLEN.

APPEAL from *Cooke, J.*, at October Term, 1911, of UNION.

This is an action to recover damages for slander.

The first issue submitted to the jury as to the utterance of the words alleged in the complaint was answered in favor of the defendant, and the plaintiff excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Allen.*

*Adams, Armfield & Adams and Stack & Parker for plaintiff.*
*Redwine & Sikes, McNeeley & Brooks, and Robinson & Caudle for defendant.*

ALLEN, J. The complaint alleges that the defendant charged that the "news" was that the husband of the plaintiff "had" a venereal disease, naming it, and "has given it to his wife." The answer admits that he said the "report" was that the husband of the plaintiff "has had" the disease named in the complaint, and "has given it to his wife."

The plaintiff tendered the following issue, which the court refused to submit, and the plaintiff excepted: "1. Did the defendant wrongfully and falsely speak of and concerning the plaintiff language imputing that the plaintiff was afflicted with a venereal disease, as alleged in the complaint?"

His Honor submitted the issue, "Did the defendant wrongfully and falsely speak of and concerning the plaintiff" (and then follows the words set out in the complaint), and charged the jury that if the plaintiff had not satisfied them by the greater weight of the evidence that the defendant spoke those words, to answer the first issue "No," and the plaintiff excepted.

In our opinion, the ruling was erroneous and entitles the plaintiff to a new trial.

In an action to recover damages for slander the plaintiff is not required to prove the utterance of the exact words set out in the complaint, but must prove the words in substance, and his Honor should have so instructed the jury. The issue sub-

mitted could not have been answered in favor of the plaintiff under the instructions of the court if the jury found that the defendant used all the language set out in the complaint, except that he used the word "report" instead of the word "news," which would be contrary to the practice under our system of pleading. Revisal, 515 and 516.

Issues are approved in *McCurry v. McCurry,* 82 N. C., 296; *Wozelka v. Heltrick,* 93 N. C., 10, and in *Rice v. McAdams,* 149 N. C., 29, submitting the inquiry to the jury as to whether the defendant spoke the words set out in the complaint "or words of the same substance," and it is generally held that proof of the words in substance is sufficient. 18 A. and E. Enc. L., 1078; 13 Ency. Pl. and Pr., 63; 25 Cyc., 484; *Pegram v. Stoltz,* 67 N. C., 148.

The authorities seem to agree that charging that another *has* a loathsome disease such as that described in the complaint is actionable (*Koucher v. Blinn,* 23 Am. Rep., 729; *Joannes v. Burt,* 83 Am. Dec., 626; *Watson v. McCarthy,* 46 Am. Dec., 380; *Williams v. Holdridge,* 22 Barb., 398; *McDonald v. Nugent,* 122 Iowa, 652; *Bloodworth v. Gray,* 49 E. C. L., 334; *Irons v. Field,* 9 R. I., 217; *Nichols v. Guy,* 2 Ind., 82), but that no action can be maintained if the charge is that he *had* the disease in time past (Cooley Torts, p. 387; Hale Torts, p. 301; Jaggard Torts, p. 509; Newell S. and L., p. 198; Odgers S. and L., 62; *Pike v. Van Worman,* 5 How. Pr. R., 176; *Carlslake v. Mapleborum,* Durf. and East R., 474; *Golderman v. Sterne,* 73 Mass., 182; *Bruce v. Soule,* 69 Me., 566; *Williams v. Holdridge,* 22 Barb., 398; *Irons v. Field,* 9 R. I., 217; *Nichols v. Guy,* 2 Ind., 82), to which last proposition we do not commit ourselves without qualification, but if the first is true, it would seem that the answer substantially admits the allegations of the complaint, as the defendant therein says the husband had the disease and "has given it to his wife," which at least admits of the construction that it referred, at the time of the utterance, to the present.

truth of the charge under the plea of justification (*Ramsey v. Cheek,* 109 N. C., 273), and as no such plea is relied on, the only issue in that event remaining for the jury to consider would be the one as to damages, and under this issue the defendant could offer evidence in mitigation. The fact that the charge is made in the form of a "report" or "news," instead of a direct charge, does not relieve the defendant. *Hampton v. Wilson,* 15 N. C., 468; *Johnson v. Lance,* 29 N. C., 457.

The correct issues in actions to recover damages for slander where the words alleged are actionable *per se* and in which justification is not pleaded and privilege is not claimed, are:

(1) Did the defendant speak of and concerning the plaintiff the words in substance alleged in the complaint?

(2) If so, what damage is the plaintiff entitled to recover?

If the first issue is answered "No," the case is at an end. If answered "Yes," the law, in the absence of justification, says that the charge is false and malicious, and it is then the duty of the jury to award compensatory damages, and they may, in addition, award punitive damages if there is actual malice, which may be inferred by the jury in some cases from the circumstances. *Stanford v. Grocery Co.,* 43 N. C., 419.

If justification is pleaded the issues are:

(1) Did the defendant speak of and concerning the plaintiff the words in substance as alleged in the complaint?

(2) If so, were they true?

(3) What damages, if any, is plaintiff entitled to recover?

If the first issue is answered "No" or the second "Yes," there can be no recovery; and if the first is answered "Yes" and the second "No," the jury may award damages. This is true because the utterance of words actionable *per se* implies malice, and in the absence of a plea of justification, or when the plea is entered and the issue is answered against the defendant, the law says the words are false.

There are many exceptions to evidence, which it might be well to consider, but we cannot do so without referring to the evidence, and it is so revolting that it ought not to be in our reports except from absolute necessity. A new trial is ordered.

New trial.