R. F. BURRIS AND WIFE, ALICE BURRIS, v. JOHN A. BUSH.

(Filed 8 December, 1915.)

**Slander—Pleas—Justification—Evidence—Statutes.**

> Where there is no plea of justification or of mitigating circumstances, in an action for slander, evidence of the truth of the charge is incompetent. Revisal, sec. 502.

APPEAL by defendant from *Adams, J.,* at February Term, 1915, of CALDWELL.

HARDWARE CO. *v.* R. R.

Action to recover damages for slander, in which the defendant denies speaking the words alleged in the complaint, but does not allege any facts nor rely on any plea in justification or mitigation. The defendant offered evidence tending to prove the truth of the words. This was excluded by the court and the defendant excepted. There was a verdict and judgment in favor of the plaintiff and the defendant appealed.

*W. C. Newland for plaintiff.*
*No counsel for defendant.*

ALLEN, J. The statute (Rev., sec. 502) permits a defendant in actions for libel or slander to allege "both the truth of the matter charged as defamatory and any mitigating circumstances to reduce the amount of the damages; and, whether he prove the justification or not, he may give in evidence the mitigating circumstances," but, in the absence of a plea in justification or mitigation, evidence of the truth of the charge is incompetent. *Upchurch v. Robertson,* 127 N. C., 128; *Dickerson v. Dail,* 159 N. C., 541.

It follows that there is no error in excluding the evidence offered by the defendant.