### H. P. SWINSON v. LANCE PACKING COMPANY ET AL.

#### (Filed 28 January, 1935.)

**1. Libel and Slander D c—Competency of evidence of secondary publications.**

While evidence of secondary publications of an alleged slander are admissible on the issue of damages when such secondary publications are the natural, probable, and foreseeable consequences of the original slander sued on, the evidence of subsequent defamatory statements made by others was erroneously admitted in this case for that it appeared the subsequent statements were not repetitions or secondary publications of the original slander which was the basis of the cause of action.

**2. Appeal and Error J e—**

The admission of incompetent evidence cannot be held harmless where it appears that it augmented the recovery, and a new trial will be awarded on defendant's exception.

**3. Appeal and Error J g—**

Where a new trial is awarded for the admission of incompetent evidence, other exceptions that may not arise on another hearing will not be considered on the appeal.

APPEAL by defendant from *Hill, Special Judge,* at May Term, 1934, of MECKLENBURG.

Civil action for slander.

The complaint sets out three causes of action.

1. That some time prior to 27 May, 1931, E. L. Hester, Jr., manager of the defendant's branch plant at Greensboro, N. C., in his capacity as

such, uttered slanderous words of and concerning the plaintiff by saying to F. K. George: "I have found out why Lance Packing Company fired Swinson. Swinson was about to own the Lance Packing Company. He had several thousand dollars put away that he could not account for."

2. That about the same time, in the city of Charlotte, S. A. Van Every, president of the defendant company, in his capacity as such, and personally, uttered slanderous words of and concerning the plaintiff by saying in the presence of J. D. Mangum and others that the plaintiff "was a smart crook; that you could not catch him stealing."

3. That on 27 May, 1931, E. L. Hester, Jr., in his capacity as manager of one of defendant's plants, and while about the defendant's business, uttered slanderous words of and concerning the plaintiff by saying to Vance Miller, at or near Greensboro, N. C.: "Swinson worked for us for nine years. The Lance Packing Company fired him because he was a crook."

Only the third cause of action, as above set out, was submitted to the jury. The other two were nonsuited, the second at the close of the plaintiff's evidence and the first at the close of all the evidence. The evidence tending to support the first cause of action was, however, allowed to be considered by the jury on the third cause of action as giving meaning, color, and content to the words used by Hester in speaking to Miller.

J. B. Watts, a merchant at Pageland, S. C., was allowed to testify that while in his place of business in June, 1931, Charles Mygatter, salesman for Lance Packing Company, told him: "Swinson stole enough money from the Lance Packing Company to open up a business of his own." Objection; overruled; exception. "He said he heard Swinson stole enough money from Lance Packing Company to open up a business of his own." Objection; overruled; exception.

Carol Mangum, also a merchant at Pageland, S. C., testified that while in his store, in June, 1931, Charles Mygatter, salesman for Lance Packing Company, said to him that "he heard Swinson had stolen enough money from Lance Packing Company to go in business and open up a business of his own." Objection; overruled; exception.

The testimony of Watts and Mangum was limited to the issue of damages; and, in the court's charge, the jury was instructed not to consider these statements made by Mygatter in South Carolina, unless they were repetitions of the statement made by Hester to Miller, in Greensboro, on 27 May, 1931.

There was a verdict for the plaintiff on the third cause of action, compensatory damages being assessed at $2,500, and punitive damages in the sum of $3,000 also being awarded the plaintiff. Judgment on the verdict, from which the defendant appeals, assigning errors.

*Carswell & Ervin for plaintiff.*
*Tillett, Tillett & Kennedy for defendant Lance Packing Company.*

STACY, C. J.  The liability of a defamer for the repetition or secondary publication of a defamation, and the admissibility of evidence to establish such liability, were considered in *Sawyer v. Gilmers, Inc.*, 189 N. C., 7, 126 S. E., 183.  There *Connor, J.*, delivering the opinion of the Court, said: "We hold it to be the law in this State that the author of a defamation, whether it be libel or slander, is liable for damages caused by or resulting directly and proximately from any secondary publication or repetition which is the natural and probable consequence of this act.  He is not liable for such damages where the secondary publication or repetition is without authority from him, express or implied. If the defamation is uttered under such circumstances as to time, place, or conditions as that a repetition or secondary publication is the natural and probable consequence of the original defamation and damage resulting therefrom, he is liable for such damages, and evidence of such repetition or secondary publication, and of damages resulting therefrom, is admissible.  It is for the jury to determine, under instructions of the court, whether in view of the circumstances under which the original defamation was uttered, a secondary publication or repetition was the natural and probable consequence of such defamation, which could and should have been foreseen or anticipated by the defendant in an action for damages for the original defamation."

Tested by this rule, it would seem that the testimony of Watts and Mangum as to what Mygatter said to them in Pageland, S. C., should have been excluded.  Annotation 90 A. L. R., 1183.  The first statement made by Mygatter to Watts did not purport to be a repetition or secondary publication of the original defamation (*Hamilton v. Nance,* 159 N. C., 56, 74 S. E., 627), and if thereafter he were undertaking to quote Hester, it would seem the quotation was of what Hester is alleged to have said to George, rather than of what he said to Miller.  *Johnston v. Lance,* 29 N. C., 448; *Hampton v. Wilson,* 15 N. C., 468.  In any event, the evidence appears to be incompetent.  Annotation 16 A. L. R., 726 (with full citation of authorities).  It undoubtedly augmented the recovery.  *Lamont v. Hospital,* 206 N. C., 111, 173 S. E., 46.

There are other exceptions on the record, worthy of consideration, but as they may not arise on another hearing, we shall omit rulings upon them now.  *Oates v. Trust Co.,* 205 N. C., 14, 169 S. E., 869.

New trial.