### MRS. AGNES BRYANT v. MRS. HOWARD REEDY.

(Filed 1 February, 1939.)

1. **Libel and Slander § 12—It is not required that testimony be in exact words of allegations, it being sufficient if they are same in substance.**

   Where a bill of particulars in an action for slander alleges defendant spoke of and concerning plaintiff certain words to designated persons, which words amounted to a charge of incontinency, testimony by the witnesses of statements made by defendant charging in effect that plaintiff had been guilty of illicit sexual intercourse, is competent although not in the exact words alleged in the bill of particulars, it being sufficient if the testimony is confined in substance to the bill of particulars. Michie's N. C. Code, 2432.

2. **Libel and Slander §§ 2, 12—Words charging innocent woman with incontinency are actionable per se, permitting recovery for mental suffering.**

   Words charging an innocent woman with conduct amounting to incontinency are actionable *per se*, N. C. Code, 2432, and the law will presume

damages in such cases which naturally, proximately and necessarily result therefrom, including mental suffering, humiliation and embarrassment, and testimony of such mental suffering, humiliation and embarrassment is competent without specific allegation thereof.

**3. Libel and Slander § 9—**

When the defendant in an action for slander denies the allegations of plaintiff as to the slander charges *in toto*, and tenders no issue as to justification or mitigation, the exclusion of evidence of justification and mitigation is not error, it being required that such evidence be supported by proper plea. N. C. Code, 542.

**4. Appeal and Error § 39d—Exclusion of evidence held not prejudicial when same evidence is elicited on cross-examination.**

In this action for slander, the court excluded a paper writing signed by plaintiff acknowledging payment of a judgment obtained against another person for injury to her reputation through slanderous remarks of the same nature which defendant was alleged to have made. On cross-examination of plaintiff and another witness, defendant brought out in evidence the settlement of the prior action for slander, and the evidence was set forth in the charge and defendant's contention thereon clearly given. *Held:* The exclusion of the paper writing, if error, was not prejudicial.

**5. Trial § 36: Appeal and Error § 39e—**

Exceptions to disconnected portions of the charge will not be sustained when the charge is free from error when construed contextually as a whole.

**6. Trial § 34—**

Inadvertent misstatement of the testimony of witnesses must be brought to the court's attention at the time so that the true evidence may be given the jury.

**7. Trial § 29c—**

The charge of the court on the burden of proof and the illustration of same by analogy to a scale *held* without error.

**8. Trial § 29b—**

The charge of the court, after stating the evidence, in the manner in which the jury was instructed that the recollection of the evidence was for them *held* without error.

**9. Trial § 36—**

Exceptions to the statement of contentions in the charge will not be sustained when appellant failed to bring the matter to the court's attention at the time.

**10. Libel and Slander § 14—**

In this action for slander for words actionable *per se*, the court's charge on the issue of compensatory damages, defining implied malice, actual and compensatory damages, and properly placing the burden of proof on the issue on plaintiff, *held* without error.

**11. Same: Damages § 7—Instruction on issue of punitive damages held without error.**

In this action for slander for words actionable *per se*, the charge of the court on the issue of punitive damages, instructing the jury that defendant must have had actual malice or a reckless or wanton indifference to plaintiff's rights in order to sustain an award of punitive damages, and that the award of punitive damage and the amount thereof was solely in the sound discretion of the jury subject to the limitation that they must not be excessively disproportionate to the circumstances of contumely and indignity present in the case, *held* without error.

**12. Damages § 11—**

Evidence of the reputed wealth of defendant is competent on the issue of punitive damages.

**13. Libel and Slander § 7—**

Admission of testimony of a police officer as to slanderous statements made to him by defendant *held* not error in the absence of a plea of privilege, especially in view of the fact that defendant denied making the statements and the overwhelming testimony of other witnesses as to slanderous remarks of the same nature made to them by defendant.

APPEAL by defendant from *Spears, J.,* at May Term, 1938, of ROBE-SON. No error.

This is an action for slander brought by plaintiff against defendant, and prayer for actual and punitive damages. The plaintiff alleges, and the evidence is to the effect, that she is an innocent and virtuous woman and is a lady of good character.

The evidence, in substance, is to the effect that at the time this action was instituted, 23 June, 1936, she was working for George Kheiralla, who operates a grocery store in the town of Rowland, and that she has worked for him for several years. Many witnesses offered by the plaintiff showed that her general reputation was good. The plaintiff offered as a witness, J. H. Carper, who testified that he had been a rural policeman in Robeson County for about fourteen years, a police officer in the town of Rowland, and at the time he testified, was an assistant tax collector in Robeson County; that on or about 15 March, 1936, he was called to the home of the defendant and she told him, in substance, that the plaintiff, Mrs. Bryant, was the cause of all the trouble between George Kheiralla and his wife, and that "he was keeping her there as his woman, and his wife was not satisfied and she was breaking up their home."

J. B. Bullock, who at the time was chief of police in the town of Rowland, testified substantially to the same thing that J. H. Carper testified to.

Mrs. C. B. Carper, who lives in the town of Rowland, testified that she had known Mrs. Bryant and Mrs. Reedy for a number of years, and

that about 15 April, 1936, she had a conversation with Mrs. Reedy and Mrs. Reedy told her that she had seen Mrs. Bryant up there a good many times, and that Mrs. Bryant had run Mrs. Kheiralla away from home, and that George Kheiralla was keeping Mrs. Bryant there as his wife," and that she was nothing but an old prostitute woman for George Kheiralla,"  .  .  .  "She told me this a good many times and that she did not want any such woman as that living next to her."

G. T. Cox testified that he was sixty-two years of age, had known both the plaintiff and defendant since 1920. Sometime early in May he was passing Mrs. Reedy's home and had a conversation with her in regard to Mrs. Bryant, and that she told him that, "If you will get that prostitute woman out of this store, why everything will be settled. Get rid of Agnes Bryant and everything will quiet off and be all right."

I. Blum testified that he runs a business in the town of Rowland and is acquainted with the plaintiff and the defendant, and that on or about the latter part of April or first of May, 1936, Mrs. Reedy came to his store and talked with him about Mrs. Bryant. "She said something about Mrs. Bryant ought to be feathered and tarred, that she was living with George Kheiralla, breaking up their home and living with him as man and wife."

Mrs. Bryant, the plaintiff, testified that since the above statements were made about and concerning her, that she had been humiliated and damaged. She has stopped going to church, her name has been taken off the church circle, that numbers of people in the town of Rowland and community whom she formerly considered her friends, now refuse to speak to her.  .  .  .  That she was very much embarrassed to walk the streets or go in a crowd of people because she feels that she has been slandered and ridiculed, and feels very much humiliated. She testified that she was working at the same place, because she knew she could not get a job at any other place.

The defendant denied that she had ever made any statements intending to slander Mrs. Bryant, and denied what plaintiff's witnesses testified to. In her answer she says, in part: "That if plaintiff has sustained any injury or damage to her reputation or standing in the community, which is denied, then such injury and damage was sustained prior to the institution of this action, and prior to the alleged utterance of the defamatory remarks contained in the complaint which were attributed to the defendant.  .  .  .  This defendant specifically denies that she has at any time spoken of and concerning the plaintiff any slanderous, derogatory, false, untruthful or defamatory words; but that any statements made by this defendant with respect to the said plaintiff which the said plaintiff might have construed to amount to a charge of incontinency, were not made with any malicious, wilful or wanton

intent, but were made in good faith, and upon reputable and reliable information and were the truth, and this defendant pleads and relies upon the truth thereof in justification of said statements."

Many witnesses testified that the general reputation of defendant was good.

All the witnesses communicated the remarks made to them to Mrs. Bryant before the institution of the present suit.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Did the defendant speak of and concerning the plaintiff the words in substance, as alleged in the complaint? Answer: 'Yes.'

"2. What compensatory damages, if any, is the plaintiff entitled to recover of the defendant? Answer: '$1,000.'

"3. What punitive damages, if any, is the plaintiff entitled to recover of the defendant? Answer: '$750.00.' "

Judgment was rendered by the court below on the verdict. The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*W. E. Lynch, W. S. Britt, and J. C. King for plaintiff.*
*F. L. Adams, F. Ertel Carlyle, H. A. McKinnon, and F. D. Hackett for defendant.*

CLARKSON, J. At the close of plaintiff's evidence and at the conclusion of all the evidence, the defendant made motions in the court below for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions and in this we can see no error. We think the evidence plenary to be submitted to the jury.

The questions presented by defendant: "1. Did the court commit error in the admission of evidence, particularly with reference to: (a) the slanderous words alleged to have been spoken by the defendant; (b) the evidence as to the effect of the alleged slanderous words upon the plaintiff mentally and as to her humiliation and embarrassment?" We think not.

N. C. Code, 1935 (Michie), sec. 2432, is as follows: "Whereas doubts have arisen whether actions of slander can be maintained against persons who may attempt, in a wanton and malicious manner, to destroy the reputation of innocent and unprotected women, whose very existence in society depends upon the unsullied purity of their character, therefore any words written or spoken of a woman, which may amount to a charge of incontinency, shall be actionable."

Section 4230 is as follows: "If any person shall attempt, in a wanton and malicious manner, to destroy the reputation of an innocent woman by words, written or spoken, which amounts to a charge of incontinency, every person so offending shall be guilty of a misdemeanor."

"Incontinency means want of restraint in regard to sexual indulgence, and imports according to our statute, definitive, illicit, sexual intercourse." *Lucas v. Nichols,* 52 N. C., 32 (35).

There is nothing more truthful than what is written in Proverbs (part verse 8, chapter 18) : "The words of a talebearer are as wounds." We think that the damage shall include injury to the feelings, mental suffering endured in consequence and the humiliation and embarrassment which is a consequence of the wrong done.

The 2nd question presented by defendant: "Did the court commit error in refusing to permit the defendant to offer evidence in mitigation of damages?" We think not under the facts and circumstances of this case.

N. C. Code, *supra,* sec. 542, in part, is as follows: "The defendant may in his answer allege both the truth of the matter charged as defamatory, and any mitigating circumstances to reduce the amount of damages; and whether he proves the justification or not, he may give in evidence the mitigating circumstances."

A plea of justification or of mitigation is a prerequisite to the allowance of evidence of the truth of the charge. Without it such evidence is incompetent. *Upchurch v. Robertson,* 127 N. C., 127 (128) ; *Dickerson v. Dail,* 159 N. C., 541; *Burris v. Bush,* 170 N. C., 394. When the defendant pleads the general issue, he may not introduce evidence in justification or mitigation. *Upchurch v. Robertson, supra; Elmore v. R. R.,* 189 N. C., 658 (673).

It will be noted that defendant denied the allegations of plaintiff as to the slander charges *in toto.* No issue was submitted or tendered by defendant that she relied on the plea of the truth of the matter charged by plaintiff as defamatory. Defendant offered to introduce in evidence paper writing identified by the plaintiff and which purports to be an acknowledgement of payment of judgment rendered in the action of Mrs. Agnes Bryant against Mrs. Mary Kheiralla, which was excluded. Exception and assignment of error was made by defendant. We do not think it can be sustained. If competent, the exclusion was not prejudicial.

Plaintiff's witness, G. T. Cox, was asked by defendant on cross-examination about this matter, and he testified, in part: "I witnessed the settlement of the lawsuit where Mrs. Bryant had sued Mrs. Kheiralla, and that suit charged Mrs. Kheiralla with slandering Mrs. Bryant, and that suit charged Mrs. Kheiralla with calling Mrs. Bryant the same kind of names I was telling the jury that Mrs. Reedy called her."

Defendant, in her cross-examination of plaintiff, brought out the same. "I brought the suit against Mrs. Kheiralla before I brought the suit against Mrs. Reedy, and in the case against Mrs. Kheiralla I charged her with destroying my reputation by slandering me and alleging that I was intimate with her husband. . . . After I brought the suit against Mrs. Kheiralla I agreed to a consent judgment and accepted a consent judgment in the sum of $2,500. That was done on October 27, 1936. I don't know how much I have collected on that judgment. I have received in settlement of that judgment against Mrs. Kheiralla around $250.00. I cancelled the judgment against Mrs. Kheiralla and I gave Mrs. Kheiralla a full receipt showing that the judgment had been paid."

In the charge of the court below, this evidence was set forth and this whole aspect stated so clearly that the jury could not have been misled.

It is well settled in this jurisdiction that the erroneous exclusion of evidence on direct examination is held not to be prejudicial when it appears that on cross-examination the witness was asked substantially the same question and gave substantially the same answer. *Cook v. Mebane,* 191 N. C., 1 (7); *Willis v. New Bern,* 191 N. C., 507 (514); *S. v. Shipman,* 202 N. C., 518 (534); *Smithfield Mills, Inc. v. Stevens,* 204 N. C., 382 (385).

(3). Did the trial judge commit error in his charge to the jury? We think not. The many exceptions taken to the charge disconnectedly are not borne out when the charge is taken as a whole. The court below gave, and summarized carefully, the testimony of all the witnesses. If incorrect the matter, like contentions, should have been at the time called to the attention of the court, so that the true evidence be given the jury. The burden of proof on all the issues was properly placed on plaintiff and the scale illustration given by the court below illustrates same. The recollection of the evidence was for the jury of twelve and not for the court or attorneys, and we see no error in the way this was stated.

In *Beck v. Bottling Co., ante,* 566 (568), it is stated: "When a bill of particulars is ordered and furnished, the evidence offered at the trial must be confined to items therein specified." We think this was done in substance.

The court below charged the jury: "The term 'in substance' as used in this first issue, means words that convey in effect the same meaning, though not necessarily used in the same form on the same words, but words that convey in effect the same meaning, the essence of the same words is indispensable though they do not have to be in the exact form as set forth in the complaint. The same words must have been used.

The use of words with similar meaning or equivalent words is not sufficient to justify you in finding that they are in substance the words alleged in the complaint, which I said plaintiff does not have to satisfy you from the evidence and by its greater weight the defendant spoke of and concerning her the exact words set forth in the complaint, but must satisfy you from the evidence and by its greater weight the defendant spoke of her in words in substance, words that would in effect convey the same meaning. . . . Now, as I have heretofore instructed you, it does not require the plaintiff to prove to you from the evidence and its greater weight that these witnesses testified to the exact words set forth in the complaint; it does require that plaintiff offer evidence to satisfy you from the evidence and its greater weight that the defendant spoke to and concerning her the words in substance as alleged in the complaint, words that would in effect convey the same meaning." The issue as framed, using the words "in substance" was not objected to by defendant. The evidence indicates that it was "in substance" confined to the bill of particulars which was prayed for by defendant and allowed by order of the court and set forth in the amended complaint.

In *Hamilton v. Nance,* 159 N. C., 56 (57-8), speaking to the subject, we find: "In an action to recover damages for slander the plaintiff is not required to prove the utterance of the exact words set out in the complaint, but must prove the words in substance, and his Honor should have so instructed the jury. . . . It is generally held that proof of the words in substance is sufficient. 18 A. and E. Enc. L., 1078; 13 Ency. Pl. and Pr., 63; 25 Cyc., 484; *Pegram v. Stoltz,* 67 N. C., 148."

Some five creditable and reputable witnesses testified to almost the identical language as set forth in plaintiff's amended complaint, and these statements, made by defendant, amounts to a charge of incontinency. An examination of the record will show that the defendant made the positive statement that Mrs. Bryant "was nothing but an old prostitute woman for George Kheiralla" and "was living with him as man and wife."

A great many of the exceptions and assignments of error are to contentions as made by the court below. If incorrect, they should have been called to the attention of the court at the time. *Acceptance Corp. v. Edwards,* 213 N. C., 736 (742).

The court charged, in part: "It is a question of fact for you. If the plaintiff has satisfied you from the evidence and by its greater weight that the defendant spoke of and concerning the plaintiff the words and statements alleged in the complaint, it would be your duty to answer the first issue 'Yes.' If you are not so satisfied it would be your duty to answer it 'No.' If you answer the first issue 'Yes,' it is your duty to proceed to consider the second issue. If you answer the first issue 'No,' that ends

the case, and you would not proceed to consider the second and third issues. The second issue reads as follows: 'What compensatory damages, if any, is the plaintiff entitled to recover of the defendant?' The burden of this issue is upon the plaintiff to satisfy you from the evidence and by its greater weight what compensatory damages, if any, is she entitled to recover of the defendant. Slander is a defamation, made by word of mouth, which tends to injure or to disgrace the person about whom the words are spoken. In order to constitute slander, the words must not only be false but must be malicious, and malicious does not always mean actual malice, but the law may imply malice from the words spoken, and the court charges you when words are spoken about a woman that amount to a charge of incontinency, such words are actionable *per se,* that is within themselves, and the law implies malice, not necessarily ill will, but acts intentionally and wrongfully done by one person to another without just cause or excuse." N. C. Code, *supra,* sec. 2432.

In *Hamilton v. Nance, supra,* at p. 59, it is stated: "The correct issues in actions to recover damages for slander where the words alleged are actionable *per se* and in which justification is not pleaded and privilege is not claimed, are: (1) Did the defendant speak of and concerning the plaintiff the words in substance alleged in the complaint? (2) If so, what damage is the plaintiff entitled to recover? If the first issue is answered 'No,' the case is at an end. If answered 'Yes,' the law, in the absence of justification, says that the charge is false and malicious, and it is then the duty of the jury to award compensatory damages, and they may, in addition, award punitive damages if there is actual malice, which may be inferred by the jury in some cases from the circumstances. *Stanford v. Grocery Co.,* 143 N. C., 419."

The court below charged the jury on the second issue: "Plaintiff contends she has suffered actual damages. The burden of this issue is on the plaintiff to satisfy you from the evidence and by its greater weight what actual or compensatory damages, if any, she is entitled to recover from the defendant. What do we mean by the words actual or compensatory damages? Actual or compensatory damages are not necessarily restricted to the actual pecuniary loss, if any, caused by the defendant's wrong, but embraces fair and just compensation for the injury sustained, including actual loss, if any, of time and money, physical inconvenience, humiliation suffered and endured, which would fairly be considered as the reasonable and probable result of the wrong done to the plaintiff by the defendant. The court lays down the following rule as the measure of damages on the issue in this case: The plaintiff, if entitled to recover any actual or compensatory damages, may recover what you, the jury, may decide or find to be a fair, just and reasonable

compensation for the injuries sustained by the plaintiff, including actual loss of time and money, if any, and physical inconvenience and humiliation suffered and endured, which would fairly be considered as the proximate result of the wrongful acts and conduct of the defendant. Applying this rule to the measure of damages on this issue, if you come to consider this issue, the court further charges you that your answer to this issue would be such amount as the plaintiff may satisfy you from the evidence, and by its greater weight, that she has been damaged as the proximate result of the wrongful acts and conduct of the defendant."

In the case of *Barringer v. Deal,* 164 N. C., 246 (248), the Court, quoting headnote in *Fields v. Bynum,* 156 N. C., 413 (414), said: "When general damages are sought in an action of slander for words spoken which are actionable *per se,* compensatory damages may be awarded which embrace compensation for those injuries which the law will presume must naturally, proximately and necessarily result, including injury to the feelings and mental suffering endured in consequence; and it is not incumbent upon the plaintiff to introduce evidence that he has suffered special damage in such instances." *Osborn v. Leach,* 135 N. C., 628; *Gattis v. Kilgo,* 140 N. C., 106.

*Walker, J.,* in *Baker v. Winslow,* 184 N. C., 1 (4, 5, 6), speaking to the subject, says (we quote copiously): "The defendant's first exception, as stated in the record and his brief, was taken to that part of the charge of the court as to the damages, the particular ground of the objection being that the court, in its instructions, permitted the jury to include in the damages, those of the plaintiff's mental anguish or suffering. The charge is clearly sustained by the authorities. In *Fields v. Bynum,* 156 N. C., 413, it being an action for slander, we held that general damages included actual or compensatory damages, and embrace compensation for those injuries which the law will presume must naturally, proximately, and necessarily result from the utterance of words which are actionable *per se,* such as the charge made in this case. Such damages include injury to the feelings and mental suffering endured in consequence. General damages need not be pleaded or proved. 18 A. & E., 1081, 1082, 1083, and cases cited in notes. That case was approved in *Barringer v. Deal,* 164 N. C., 246, which also was an action for slander. In our case the verdict finds that the words, which in law are actionable *per se,* were uttered by the defendant, and that they were false. The law, therefore, implies malice, which entitles the plaintiff to actual or compensatory damages. Malice, in this connection, and within the scope of the issues, does not necessarily mean personal ill-will, but a wrongful act, knowingly and intentionally done the plaintiff without just cause or excuse, and the law implies this kind of malice in actions for slander when the words falsely spoken of and concerning the plaintiff are action-

able *per se.* But punitive or exemplary damages also may be awarded, in the sound discretion of the jury, and within reasonable limits, but the right to punitive damages does not attach, however, as a conclusion of law, because the jury have found the issue of malice in such action against the defendant. The right under certain circumstances to recover damages of this character is well established with us. But they are not to be allowed unless there is an element of fraud, malice, gross negligence, insult, or other cause of aggravation in the act which causes the injury. *Holmes v. R. R.,* 94 N. C., 318. They are not to be included in the damages by the jury as a matter of course simply because of the slander, but only when there are some features of aggravation, as when the wrong is done willfully, or under circumstances of rudeness or oppression, or in a manner which evinces a reckless and wanton disregard of the plaintiff's rights. *Ammons v. R. R.,* 140 N. C., 200 (concurring opinion by *Justice Hoke*); *Stanford v. Grocery Co.,* 143 N. C., 419, 427. The rule as to compensatory damages is also stated there. As said by the *Chief Justice* in *Osborn v. Leach,* 135 N. C., 628: 'Where the facts and nature of the action so warrant, actual damages include pecuniary loss, physical pain, and mental suffering.' And again: 'Compensatory damages include all other damages than punitive, thus embracing not only special damages as direct pecuniary loss, but injury to feelings, mental anguish, etc.,' citing 18 A. & E. (2 Ed.), 1082; Hale on Damages, pp. 99, 106. And, as directly pertinent to the charge upon this question to which exception was taken, we may conveniently and appropriately refer now to the *Holmes case, supra,* where it was held that if there is rudeness or insult or 'aggravating circumstances calculated to humiliate or disgrace the plaintiff, or party injured, punitive damages may be added to those which are merely actual or compensatory.' *Rose v. R. R.,* 106 N. C., 170; *Knowles v. R. R.,* 102 N. C., 66. Other cases to the same effect upon the questions of compensatory and vindictive or punitive damages in actions, and especially in slander, are *Hamilton v. Nance,* 159 N. C., 56," etc.

The court below charged: "The third issue reads: 'What punitive damages, if any, is plaintiff entitled to recover of the defendant?' The burden of this issue is upon the plaintiff to satisfy you from the evidence and by its greater weight what punitive damages, if any, she should recover of the defendant. Punitive, vindictive or exemplary damages, sometimes called smart money, is allowed in cases where the injury is inflicted in a malicious, wanton and reckless manner. The defendant's conduct must have been actual, malicious or wanton, displaying a spirit of mischief toward the plaintiff or of reckless and criminal indifference to her rights. When these elements are present, damages commensurate with the injury may be allowed by way of

punishment to the defendant, but such damages are awarded on the ground of public policy for example's sake, and not because the plaintiff has the right to the money, but it goes to her merely because it is assessed in her suit. Both the awarding of punitive damages and the amount to be allowed, if any, rest in the sound discretion of the jury. However, the amount of punitive damages, if any, while resting in the sound discretion of the jury, may not be excessively disproportionate to the circumstances of contumely and indignity present in the case. Compensatory damages are based upon injuries suffered by the plaintiff, while punitive damages are awarded upon the wrongs intended by the defendant. If the defendant was not actuated by actual malice the plaintiff would not be entitled to recover any punitive damages."

In *Ford v. McAnally,* 182 N. C., 419 (421-2), citing a wealth of authorities, is the following: "Punitive damages, sometimes called smart money, are allowed in cases where the injury is inflicted in a malicious, wanton and reckless manner. The defendant's conduct must have been actually malicious or wanton, displaying a spirit of mischief towards the plaintiff, or of reckless and criminal indifference to his rights. When these elements are present, damages commensurate with the injury may be allowed by way of punishment to the defendant. But these damages are awarded on the grounds of public policy, for example's sake, and not because the plaintiff has a right to the money, but it goes to him merely because it is assessed in his suit. Both the awarding of punitive damages and the amount to be allowed, if any, rests in the sound discretion of the jury. . . . However, the amount of punitive damages, while resting in the sound discretion of the jury, may not be excessively disproportionate to the circumstances of contumely and indignity present in each particular case." *Cotton v. Fisheries Product Co.,* 181 N. C., 151.

On this aspect of punitive damages, the evidence of the reputed wealth of the defendant is competent. *Tucker v. Winders,* 130 N. C., 147; *Carmichael v. Tel. Co.,* 162 N. C., 333.

We do not think there was error in permitting the witness Carper, a policeman, to testify as to statements made to him by defendant under the facts and circumstances of this case. The defendant denied she made them. No plea of privilege is set up in the answer. Then, again, we see no prejudicial error as the evidence on the part of plaintiff was overwhelming as to defendant's charge of incontinency. *Hartsfield v. Hines,* 200 N. C., 356, is not applicable.

The subject of slander and libel has frequently been written upon recently in this jurisdiction. *Elmore v. R. R., supra; Stevenson v. Northington,* 204 N. C., 690; *Oates v. Trust Co.,* 205 N. C., 14; *Broadway v. Cope,* 208 N. C., 85; *Ringgold v. Land,* 212 N. C., 369 (371);

*Flake v. News Co.,* 212 N. C., 780. We see no error in the charge on nominal damages.

From a careful review of the exceptions and assignments of error made by defendant, we can find no prejudicial or reversible error in the record. The court below tried the case in an able and careful manner, plumbing the decisions of this Court. The jury by their verdict has found that the foul and damaging words spoken of the plaintiff by the defendant, affecting her virtue, were false and malicious. Perhaps there is nothing more heinous than false charges affecting the character or reputation of a person, especially the virtue and honor of a woman. Some people in an earlier and more sensitive era vindicated their good names by personal conflict. Now a more peaceful method is through the courts.

"A good name is rather to be chosen than great riches."

The courts should respond quickly to protect a good name.

In the record we find

No error.